ISRA FRUIT LTD.,
Plaintiff-Respondent,

v.

AGREXCO AGRICULTURAL EXPORT
COMPANY LIMITED and Agrexco
(U.S.A.) Ltd., Defendants-Petitioners.

Docket 86-8070.

United States Court of Appeals,
Second Circuit.

Submitted Sept. 23, 1986.

Decided Oct. 23, 1986.

David L. Foster, Willkie Farr & Gallagher, New York City, filed papers for defendants-petitioners.

Charles L. Kerr, Jack C. Auspitz, Parker Auspitz Neesemann & Delehanty, New York City, filed papers for plaintiff-respondent.

Before VAN GRAAFEILAND, MESKILL and NEWMAN, Circuit Judges.

JON O. NEWMAN, Circuit Judge:

We issue a written opinion on this motion for leave to appeal pursuant to 28 U.S.C. § 1292(b)(1982) in order to alert district judges to the need to provide in their certification orders some demonstration that the governing standards for an interlocu-

tory appeal have been met. The motion is made in the course of litigation between plaintiff-respondent Isra Fruit, Ltd. ("Isra") and defendants-petitioners Agrexco Agricultural Export Company Limited and Agrexco (U.S.A.) Ltd. (collectively "Agrexco"). Isra and Agrexco were competitors in the business of importing fresh Israeli produce into the United States. Isra filed a complaint with ten causes of action challenging Agrexco's allegedly anticompetitive conduct, which Isra claimed drove it out of the market. Isra alleged violation of Section 2 of the Sherman Act, 15 U.S.C. § 2 (1982), the Robinson-Patman Act, 15 U.S.C. § 13(a) (1982), and the Anti-Dumping Act, 15 U.S.C. § 72 (1982), and various state law claims. Agrexco's motion to dismiss was denied by the District Court for the Southern District of New York (Peter K. Leisure, Judge). 631 F.Supp. 984.

Thereafter Agrexco moved for reargument of the District Court's decision insofar as it denied dismissal of the first two causes of action (based on Section 2 of the Sherman Act) or, in the alternative, for an order "certifying for interlocutory appeal two questions of law." Judge Leisure denied reargument but granted the motion for certification with respect to the following question:

> Whether an importer of foreign goods has standing to bring an action under the Anti-Dumping Act of 1916, codified at 15 U.S.C. § 72?

Using the statutory language of section 1292(b), Judge Leisure found that this issue "involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation." No further justification for the interlocutory appeal was given.

■ Preliminarily, we again note, as we have in the past, that section 1292(b) authorizes certification of *orders* for interlocutory appeal, not certification of *questions*. *See United States v. Banco Cafetero Panama,* 797 F.2d 1154, 1156–57 (2d

Cir.1986); *Chemical Bank v. Arthur Andersen & Co.,* 726 F.2d 930, 936 n. 10 (2d Cir.), *cert. denied,* 469 U.S. 884, 105 S.Ct. 253, 83 L.Ed.2d 190 (1984). Of course, in certifying an order for interlocutory review it is helpful if the district judge frames the controlling question(s) that the judge believes is presented by the order being certified, as Judge Leisure did in this case. *See United States v. Banco Cafetero Panama, supra,* 797 F.2d at 1157; *SCM Corp. v. Xerox Corp.,* 599 F.2d 32, 33 (2d Cir.1979). That is normally a straightforward task, though not always, *see SCM Corp. v. Xerox Corp.,* 474 F.Supp. 589, 592–94 (D.Conn.1979), *interlocutory review accepted,* 645 F.2d 1195, 1202 (2d Cir.1981), *cert. denied,* 455 U.S. 1016, 102 S.Ct. 1708, 72 L.Ed.2d 132 (1982). In the instant case, the defendants should have sought certification of the order of the District Court denying their motion to dismiss the complaint, an order that apparently involves the question framed by Judge Leisure.

■ Next, we strongly suggest to district judges the advisability of stating more than a bare finding that the statutory requirements of section 1292(b) have been met. We have repeatedly made the same point with respect to certifications under Fed.R.Civ.P. 54(b). *Cullen v. Margiotta,* 618 F.2d 226, 228 (2d Cir.1980); *Gumer v. Shearson, Hammill & Co., Inc.,* 516 F.2d 283, 286 (2d Cir.1974); *Arlinghaus v. Ritenour,* 543 F.2d 461, 464 (2d Cir.1976). Though it will often be evident why the question presented by the certified order is "controlling," elaboration by the district judge will normally be helpful in understanding why the judge believes that there is a "substantial ground for difference of opinion" and that "immediate appeal from the order may materially advance the ultimate termination of the litigation."

■ In this case, we think it quite unlikely that an immediate appeal may materially advance the termination of this lawsuit. The claims under the Anti-Dumping Act are closely related to the claims under the Sherman and Robinson-Patman Acts. Even if the former were eliminated at this

stage of the litigation, there is scant basis for believing that trial of the latter claims would be concluded with any appreciable saving of time. The discovery on all of the claims appears likely to overlap to a considerable extent. Finally, there is no basis for the defendants' contention that if the Anti-Dumping Act claims remain in the lawsuit and the plaintiff prevails on all claims, reversal of the Anti-Dumping Act claims, should such occur, would require retrial of the remaining claims. Various techniques are available to avoid that prospect, including special verdicts, Fed.R.Civ.P. 49(a), or even alternative verdicts, if damage computation should be determined to vary under different statutory claims, cf. *SCM Corp. v. Xerox Corp.*, 463 F.Supp. 983, 989 n. 15 (D.Conn.1978), *aff'd without consideration of this point,* 645 F.2d 1195 (2d Cir.1981), *cert. denied,* 455 U.S. 1016, 102 S.Ct. 1708, 72 L.Ed.2d 132 (1982).

The motion for leave to appeal is denied.