Ethel FISCHER and Herbert Bonime, Plaintiffs,

v.

CF & I STEEL CORPORATION, Thomas M. Evans, Southern Pacific Company and Southern Pacific Transportation Company, Defendants.

Mary MAYER, Plaintiff,

v.

CF & I STEEL CORPORATION, Thomas M. Evans, Southern Pacific Company and Southern Pacific Transportation Company, Defendants.

Nos. 82 Civ. 5424(MEL), 82 Civ. 6159(MEL).

United States District Court, S.D. New York.

June 5, 1987.

Milberg Weiss Bershad Specthrie & Lerach, Lowey Dannenberg & Knapp, Wolf Popper Ross Wolf & Jones, New York City, for plaintiffs; Henry A. Brachtl, Robert A. Skirnick, of counsel.

Paul, Weiss, Rifkind, Wharton & Garrison, New York City, for defendants CF & I Steel Corp. and Thomas M. Evans; Edward N. Costikyan, Steven E. Landers, of counsel.

LASKER, District Judge.

Thomas M. Evans and CF & I Steel Corporation ("defendants") move pursuant to 28 U.S.C. § 1292(b) for certification for immediate appeal of this court's prior orders of April 14, 1987, *see Fischer v. CF & I Steel Corp.*, 657 F.Supp. 1195 (S.D.N.Y. 1987), and July 30, 1985, *see Fischer v. CF & I Steel Corp.*, 614 F.Supp. 450 (S.D.N.Y. 1985).

### I.

██ The April 14 decision and order, *inter alia*, denied defendants' motion for judgment on the pleadings, holding that plaintiffs had stated a claim under Section 10 of the Clayton Act, 15 U.S.C. § 20 (1982). The determination turned on the question whether a complaint that fails to allege that a supplier or common director participated in, directed, influenced, or voted for a decision by a carrier to engage in a transaction prohibited by Section 10 states a claim against either the supplier or the director based on the consummation of the prohibited transaction alone. Although the decision stated that "defendants make a persuasive argument" that a supplier and a common director could not be held to have violated the statute without a showing that they had engaged in some conduct proscribed by the provisions of the statute addressed to them, and not the carrier alone, *Fischer*, at 1198, and described defendants' reasoning in this regard as "logical and . . . not inconsistent with the wording and structure of the statute," *id.* at 1199, it was held that the decision of the Second Circuit Court of Appeals in *Klinger v. Baltimore & Ohio R.R. Co.*, 432 F.2d 506 (2d Cir.1970), compelled the conclusion that plaintiffs had stated a claim under the statute, *id.* at 1199–1201.

The motion for certification appears to meet the requirements of 28 U.S.C. § 1292(b) because it involves a controlling question of law about which there is a substantial ground for difference of opinion and an immediate appeal from the order could materially advance the end of the litigation. The question presented, as framed above, is controlling; that is, a decision adverse to plaintiffs would result in dismissal of the amended complaint in this case. There is a substantial ground for difference of opinion on the issue of the civil liability of suppliers and common directors under the circumstances presented by this case not only because of the strength of defendants' arguments but also because the *Klinger* decision involved much stronger facts for a finding of liability than the instant situation and did not specifically consider the problem of director liability. Moreover, *Klinger*, a case decided almost 20 years ago, is the only occasion on which the Court of Appeals has ever considered this 73–year-old antitrust provision. *But cf. REA Express, Inc. v. Alabama Great S. R.R. Co.*, 427 F.Supp. 1157, 1172–73 (S.D.N.Y.1976) (three-judge court), *aff'd mem. sub nom. Sowerwine v. United States*, 431 U.S. 961, 97 S.Ct. 2914, 53 L.Ed.2d 1057 (1977).

Resolution of the controlling question in favor of the defendants on an immediate appeal also may materially advance the ultimate termination of this litigation in that the case involves only the Section 10 antitrust claim. *Compare Isra Fruit Ltd. v. Agrexco Agricultural Export Co.*, 804 F.2d 24, 25–26 (2d Cir.1986) (leave to appeal

interlocutory order denied where claims not governed by controlling question would remain in case and absorb almost as much discovery and trial time as all claims together).

Plaintiffs contend in opposition to certification that issues of fact relating to whether defendants engaged in culpable conduct remain to be decided and render the controlling question involved too "abstract" for judicial determination at this stage of the case, when no discovery has yet been conducted. *See Slade v. Shearson, Hammill & Co.*, 517 F.2d 398 (2d Cir.1974). I do not agree. The facts underpinning the holding in question are not in dispute. *See Fischer*, at 1196–1197. Moreover, the amended complaint is devoid of factual allegations of active wrongdoing by defendants that go beyond charging them with liability based on the carrier's having engaged in a prohibited transaction. The paragraphs of the complaint cited by plaintiffs in this regard do no more than restate the very question upon which certification is requested. For example, paragraph 10 alleges that the directors of the carrier had a duty to insure that the carrier was in compliance with the antitrust laws, and paragraph 29 alleges that defendants violated Section 10 by failing to ensure that competitive bidding was utilized. *See* Amended Complaint (Aug. 30, 1985). In addition, plaintiffs' suggestion that the court "accepted, for purposes of the cross-motion, defendants' contention that Evans and CF & I were not alleged to be active wrongdoers," Plaintiffs' Memorandum in Opposition to Defendants' Application for a Statement Permitting a Petition for Appeal at 3 (May 8, 1987), is simply wrong. On the contrary, for purposes of deciding defendants' motion for judgment on the pleadings dismissing the amended complaint for failure to state a claim, the material allegations of the complaint, along with such reasonable inferences as might be drawn in plaintiffs' favor, were taken as true.

■ Finally, plaintiffs suggest that if certification is granted as to the denial of defendants' motion for judgment on the pleadings, the April 14 order's denial of plaintiffs' motion for summary judgment on the issue of liability should also be certified. Plaintiffs offer no reason cognizable under Section 1292(b) for such certification. Moreover, the denial of the motion for summary judgment was based on the existence of disputed issues of fact which would make resolution of the question of liability by the Court of Appeals premature at this stage of the proceedings when no discovery has yet been conducted. Plaintiffs' certification request is therefore denied.

Accordingly, the April 14 decision and order is certified for immediate appeal of the denial of defendants' motion for judgment on the pleadings.

## II.

Defendants also renew their prior motion to certify the July 30, 1985 decision and order, which granted plaintiffs leave to amend their complaint to change the action from a shareholder derivative suit to a class action on behalf of individual shareholders of Santa Fe Southern Pacific Corporation ("SFSP") who were originally shareholders of the carrier's parent, Southern Pacific Company, before it was merged out of existence to form SFSP. *See Fischer v. CF & I Steel Corp.*, 614 F.Supp. 450 (S.D.N.Y.1985).[1]

The decision to permit the lawsuit to go forward as a class action turned on the question whether former shareholders of a company have standing to sue, in their own names, for injury done to the company, where pursuant to a merger those shareholders exchanged their shares in the company for stock in a new entity created by the merger, notwithstanding that the right to recover on behalf of the company had vested in the new entity as a result of the merger. The decision acknowledged the general rule that where the injury to a

---

**1.** Decision on the motion to certify the July 30 order was reserved pending disposition of plaintiffs' motion for summary judgment. *Fischer v. CF & I Steel Corp.*, Nos. 82–5424 & 82–6159 (S.D.N.Y. Nov. 18, 1985) (memorandum endorsement). As the summary judgment motion has been decided by the April 14 order, the certification motion is now ripe for decision.

corporation consists solely of depreciation in the value of the corporation's stock, only the corporation or a shareholder suing derivatively on its behalf can maintain an action to recover for the wrong, and that this rule would ordinarily make it appropriate for SFSP, as successor to Southern Pacific Company—or, in the alternative, SFSP's shareholders—to bring this action. *See Fischer*, 614 F.Supp. at 452. However, the decision also recognized the unique problem presented by the fact that since former shareholders of Southern Pacific Company constituted only a portion of the current SFSP shareholders, "any recovery by SFSP, whether directly or on a derivative basis, would lead to a windfall recovery by those SFSP shareholders who were not originally Southern Pacific company shareholders." *Id.*

■ Although there is substantial ground for difference of opinion on the question presented in the July 30 decision and order, it does not appear to meet the other requirements contained in 28 U.S.C. § 1292(b). The question presented is not controlling and an immediate appeal would not advance the termination of the litigation. This is so because a determination by the Court of Appeals in favor of defendants on the class action issue would not necessarily result in dismissal of the complaint. Plaintiffs would still have the right upon the entry of a final judgment in this case to appeal to the Court of Appeals from an earlier decision of this court which held that plaintiffs lacked standing to pursue a shareholder derivative suit (the posture in which the case was originally brought) because the corporation on whose behalf they sued—Southern Pacific Company—had been merged out of existence. *See Fischer v. CF & I Steel Corp.*, 599 F.Supp. 340 (S.D.N.Y.1984). Were the plaintiffs to pursue and prevail in such an appeal, the case would go forward. The result of certifying the July 30 decision and order, therefore, could well be piecemeal litigation of the case before the Court of Appeals.

Accordingly, the July 30 order can not properly be certified for immediate appeal of the grant of plaintiffs' motion for leave to amend the complaint.

\* \* \*

Defendants' motion to certify for immediate appeal this court's order of April 14, 1987 is granted in accordance with the preceding discussion of the controlling question presented by that order. The motion to certify the July 30, 1985 order is denied. Proceedings in these actions are hereby stayed pending determination of the appeal.

It is so ordered.