Al PINEIRO, Richard Brooks, and Leonard Beaumont, on behalf of themselves and all others similarly situated, Plaintiffs–Appellees,

v.

PENSION BENEFIT GUARANTY CORPORATION, as Trustee of the Pan American Airways, Inc. Cooperative Retirement Income Plan, Defendant–Appellant.

Docket No. 01–7217.

United States Court of Appeals, Second Circuit.

Oct. 25, 2001.

Lewis R. Clayton, Paul, Weiss, Rifkind, Wharton & Garrison, New York, NY, for appellant.

Harvey M. Katz, Belack, Israel & Liberman LLP, New York, NY, for appellees.

Present FEINBERG, JACOBS, and CABRANES, Circuit Judges.

### SUMMARY ORDER

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED** that this appeal be dismissed for lack of appellate jurisdiction.

This appeal from an interlocutory order is before us on certification by the United States District Court for the Southern District of New York under 28 U.S.C. § 1292(b), and on an order granting leave to appeal by a panel of this Court. Upon further consideration, we conclude that this appeal does not meet the requirements for certification under § 1292(b) because appellate consideration at this stage of the proceedings will not materially advance the ultimate termination of the underlying litigation. The certification was therefore improvidently granted.

### A

This interlocutory appeal is taken from an order denying in part a motion to dis-

miss by the Pension Benefit Guaranty Corporation (the "PBGC"). *Pineiro v. Pension Benefit Guar. Corp.*, 2000 WL 282894 (S.D.N.Y. March 15, 2000) (Preska, J.) (*"Pineiro III"*).

Plaintiffs, former employees of Pan American World Airways, Inc. ("Pan Am"), initially alleged that the PBGC, in its capacity as statutory trustee under § 4042 of the Employment Retirement Insurance Security Act of 1974 ("ERISA"), 29 U.S.C. § 1342, breached its fiduciary duties to the Pan American World Airways, Inc. Cooperative Retirement Income Plan (the "Plan") and to the Plan's participants. The gravamen of the complaint was the alleged failure of the PBGC, five years after appointment as statutory trustee, to calculate the benefits to which plaintiffs were allegedly entitled and to provide plaintiffs with information regarding these benefit entitlements (commonly referred to as "Initial Determination Letters" or "IDLs"). Plaintiffs sought equitable relief, including removal of the PBGC as statutory trustee.

In *"Pineiro I,"* 1997 WL 739581 (S.D.N.Y. Nov.26, 1997) (Preska, J.), the court dismissed the claim for breach of fiduciary duty in the calculation of benefits, holding that because the PBGC calculates benefits in its capacity as guarantor—not as statutory trustee—the PBGC owed plaintiffs no fiduciary duty in connection with this calculation. The district court declined, however, to dismiss the claim for breach of fiduciary duty premised on PBGC's failure to issue IDLs to plaintiffs, ruling that "[t]heoretically, 'PBGC as Guarantor' may well have calculated benefit entitlement and guarantee amounts, pursuant to its non-fiduciary guarantor role, and then communicated that information to 'PBGC as Trustee'. 'PBGC as Trustee' may then have delayed communication of this information to Plan participants." *Id.* at *10. The district court granted leave to amend the complaint to allege that the PBGC, as guarantor, had unreasonably delayed or withheld agency action within the meaning of the Administrative Procedures Act ("APA"), 5 U.S.C. 706(1). Finally, the district court dismissed the claim alleging the PBGC's failure to release certain plan information requested by plaintiffs, on the ground that plaintiffs had not exhausted their administrative remedies under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552.

After reviewing the amended complaint, which raised the possibility that the PBGC undertook the calculation of benefits in its role as statutory trustee, the district court took a fresh look at the statute, concluded that ERISA does not preclude the PBGC from calculating benefits in its role as trustee, and therefore decided that dismissal was premature. 1999 WL 195131 (S.D.N.Y. April 7, 1999) (Preska, J.) (*"Pineiro II"*). The *Pineiro III* opinion considered PBGC's renewed motion to dismiss; the district court affirmed its position in *Pineiro II* on the calculation of benefits but reversed its position on the applicability of FOIA to plaintiffs' information disclosure claims, holding that because the PBGC in its role as statutory trustee has a fiduciary duty to disclose information upon request, a claim for breach of this duty could be stated.

On April 26, 2000, the district court granted the PBGC's motion for certification for interlocutory appeal, and on March 1, 2001, this Court granted PBGC's motion for leave to appeal.

## B

An interlocutory appeal may be certified when it involves a "controlling question of law as to which there is substantial ground for difference of opinion and . . . an immediate appeal . . . may materially advance

the ultimate termination of the litigation." 28 U.S.C. § 1292(b). Only "exceptional circumstances [will] justify a departure from the basic policy of postponing appellate review until after the entry of a final judgment." *Coopers & Lybrand v. Livesay*, 437 U.S. 463, 475, 98 S.Ct. 2454, 57 L.Ed.2d 351 (1978). For the following reasons, we no longer believe that appellate review at this stage of the proceedings will "materially advance the ultimate termination of the litigation."

*First*, the appeal is from the denial of a motion to dismiss. A more developed record may provide a firmer foundation on which to resolve the complex questions posed by this case. In particular, the claims arising under FOIA would be aided by a fuller factual record. On the facts before us, it is unclear which question has been squarely raised: whether PBGC's refusal to provide information otherwise than via FOIA (if it has) is *per se* burdensome; or whether the PBGC's response to certain FOIA requests has entailed burdens and delays amounting to a breach of fiduciary duty. If the latter, more information as to what specific requests were made and how the PBGC responded to such requests would be (at least) useful. Moreover, a factual question may remain as to the extent plaintiffs relied on FOIA to get information, and whether, as the district court concluded, they should be compelled to exhaust FOIA's administrative process. These questions suggest that our consideration of these questions on interlocutory appeal would be premature.

*Second*, even if we were to reverse or vacate the district court's conclusions in *Pineiro III* concerning the scope of PBGC's fiduciary duties as statutory trustee in calculating benefits, the action would continue on this claim under the APA. The APA claim is founded on the same allegation that forms part of the basis for the claim for breach of fiduciary duty: the alleged failure of the PBGC to calculate benefits. Therefore, a trial on the PBGC's failure to make benefit determinations will occur regardless of whether we reverse. In this situation, it is "quite unlikely that an immediate appeal may materially advance the termination of this lawsuit." *Isra Fruit Ltd. v. Agrexco Agric. Exp. Co. Ltd.*, 804 F.2d 24, 25 (2d Cir.1986).

*Third*, while "the resolution of an issue need not necessarily terminate an action" in order to fall within the "controlling question of law" prong of 28 U.S.C. § 1292(b), "it is clear that a question of law is 'controlling' if reversal of the district court's order would terminate the action." *Klinghoffer, v. S.N.C. Achille Lauro Ed Altri–Gestione Motonave Achille Laura in Amministrazaione Straordinaria*, 921 F.2d 21, 24 (2d Cir.1990). Regardless of how we resolve the issues before us, plaintiffs would retain a claim for breach of fiduciary duty for failure to issue the IDLs as well as possible claims of fraud (in addition to the APA claim noted above). No matter what we do on this appeal, it seems likely that this action will proceed.

*Finally*, we agree with Judge Preska that this litigation involves complicated questions of statutory interpretation. We would be unwilling to decide these questions without first soliciting an amicus brief from the Department of Labor, and perhaps amicus briefs from others as well, focused presumably on at least the following questions:

1. What is the scope of the fiduciary duties of a statutory trustee appointed by the district court under 29 U.S.C. § 1342?

2. Upon what party does Title IV of ERISA place authority to calculate the benefit entitlement under 29 U.S.C. § 1322?

3. Is a plan participant's request for information addressed to the PBGC as statutory trustee properly treated by

**50**

the PBGC as a request for information under FOIA?

Moreover, an amicus brief concerning these questions may justify further briefing by the parties. In short, we are not prepared to rule on the present record, without at least soliciting views that the district court has not had the opportunity to consider in the first instance. And if an amicus brief followed by further briefing by the parties suggested the need for evidentiary findings, we would not be in a position to follow through without a remand of some kind.

For the reasons set forth above, it is hereby ordered that this appeal be **dismissed** for lack of appellate jurisdiction.