Joyce TOVEY, Plaintiff,

v.

The PRUDENTIAL INS. CO. OF AMERICA, and Specialized Support Services, Inc., Defendants.

No. 98–6194–CV–SJ–1.

United States District Court,
W.D. Missouri,
St. Joseph Division.

March 11, 1999.

920

Creath S. Thorne, Morton, Reed & Counts, St. Joseph, MO, for plaintiff.

Richard J. Pautler, Thompson Coburn, St. Louis, MO, for defendants.

## ORDER

WHIPPLE, District Judge.

Two motions are pending before the Court. Plaintiff Joyce Tovey has moved the Court to remand her case to the Circuit Court of Buchanon County, Missouri for lack of federal subject matter jurisdiction. Defendants Specialized Support Services, Inc. and Prudential Insurance Company of America have moved the Court to dismiss Tovey's suit on grounds that her claims are preempted by § 514 of the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1144. The Court has read all of the parties' briefs on both motions. Because the Court must have subject matter jurisdiction over the case before it may rule on any substantive issue, it will first address Tovey's motion to remand.

## I. FACTUAL BACKGROUND

Plaintiff Joyce Tovey ("Tovey") believed that she was covered under a group health

insurance plan sponsored by her employer, Defendant Specialized Support Services, Inc. ("SSSI"), and administered by Defendant Prudential Insurance Company of America ("Prudential"). Tovey applied for such coverage on August 14, 1996. She alleges that one of Prudential's local agents informed her that she had not qualified for coverage but could still become a member of the group with coverage continuing under it if she supplied Prudential with her medical records. Tovey alleges that she authorized release of her medical records to Prudential and received a Prudential insurance card. Tovey also claims that SSSI deducted health insurance premiums from her paychecks. Assuming that she was enrolled in and covered under the group health insurance plan offered and administered by Defendants, Tovey sought hospitalization and medical treatment on January 2, 1997. When she submitted a claim for payment and reimbursement of her medical expenses, Defendants denied ever having granted health insurance coverage to her. Both parties now agree that Tovey was never covered under Defendants' group health insurance plan.

## II. MOTION TO REMAND

Tovey filed suit against SSSI and Prudential claiming negligent misrepresentation, for telling her that she was covered under their group health insurance plan when she was not, and conversion, for misappropriating her insurance premiums. Defendants removed the case to this Court, and Tovey filed the pending motion to remand.

Removal of Tovey's complaint from state to federal court is only proper if one or more of Tovey's claims arise under federal law. 28 U.S.C. § 1441(a) and § 1332. Under the well-pleaded complaint rule, a claim arises under federal law only if a federal issue appears on the face of the plaintiff's well-pleaded complaint. *See e.g. Oklahoma Tax Comm'n v. Graham*, 489 U.S. 838, 840–41, 109 S.Ct. 1519, 1521, 103 L.Ed.2d 924 (1989). Tovey's claims appear to be based solely on the laws of the State of Missouri. Defendants assert, however, that the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001 *et seq.*, completely preempts the state laws on which Tovey's claims are based. Complete preemption is an exception to the well-pleaded complaint rule. Under the doctrine of complete preemption, a plaintiff's state law claims may implicate a particularly comprehensive federal statute such that they actually arise under federal law, regardless of whether the federal statute appears on the face of the complaint. To rule on Tovey's motion to remand, therefore, the Court must determine whether ERISA completely preempts Tovey's state law claims.

### A. ERISA and the Doctrine of Complete Preemption

As an initial matter, the Court notes the confused state of the law in this circuit with respect to the jurisdictional consequences of ERISA preemption. Put another way: in the fog that is ERISA, the Eighth Circuit Court of Appeals appears to have run aground on the conceptual shoals of federal subject matter jurisdiction.[1] This is not surprising, as the confu-

---

1. In two recent cases, *Wilson v. Zoellner*, 114 F.3d 713 (8th Cir.1997), and *In Home Health v. Prudential Ins. Co. of America*, 101 F.3d 600 (8th Cir.1996), the Eighth Circuit held that ERISA did not preempt the plaintiffs' state law claims and remanded to the district courts with orders that the cases be remanded to state court for lack of jurisdiction. *Wilson*, 114 F.3d at 721–22; *In Home Health*, 101 F.3d at 607. The Eighth Circuit analyzed both of these cases under ERISA § 514. As the text of this opinion makes clear, however, ERISA forms the basis for removal of a plain-

tiff's state law claims to federal court only when any one or more of those claims can properly be recharacterized as a claim for benefits under ERISA § 502. *Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58, 64, 107 S.Ct. 1542, 95 L.Ed.2d 55 (1987) (citing *Franchise Tax Board v. Construction Laborers Vacation Trust*, 463 U.S. 1, 25–27, 103 S.Ct. 2841, 77 L.Ed.2d 420 (1983)). Analysis of § 514 is irrelevant for jurisdictional purposes. Consequently, while the final determinations in *Wilson* and *In Home Health* may be cor-

sion stems from two distinct concepts that carry an identical name—preemption. For sake of clarity, this Court will refer to these two different concepts as "ordinary preemption" and "complete preemption."

### 1. Ordinary Preemption

■ Section 514 provides that ERISA "shall supercede any and all State laws insofar as they may now or hereafter relate to any employee benefit plan" covered by the statute. 29 U.S.C. § 1144(a). The provision provides a federal defense to a plaintiff's state law claims when those claims relate to an employee benefit plan governed by ERISA. Much of the jurisprudence, from the United States Supreme Court down, has focused on the meaning of the words "relate to" in determining ERISA's preemptive scope. The cental test that has emerged provides that a state law having a "connection with or reference to" an ERISA-governed plan is preempted by ERISA § 514. *California Division of Labor Standards Enforcement v. Dillingham Constr.*, 519 U.S. 316, 322, 117 S.Ct. 832, 837, 136 L.Ed.2d 791 (1997).

The preemptive scope of § 514 is certainly important, and the Court may ultimately be required to determine whether Tovey's claims have a connection with or reference to an ERISA-governed plan. However, neither the provisions of ERISA § 514 nor any judicial analysis of ordinary preemption under that section can help the Court determine whether it has subject matter jurisdiction. *Cf. Wilson v. Zoellner*, 114 F.3d 713, 721–22 (8th Cir.1997); *In Home Health v. Prudential Ins. Co. of America*, 101 F.3d 600, 607 (8th Cir.1996). For a federal court to have subject matter jurisdiction over a case, the parties must be completely diverse or a federal question must appear on the face of the plaintiff's well-pleaded complaint. *See e.g. Louisville N.R. Co. v. Mottley*, 211 U.S. 149, 29 S.Ct. 42, 53 L.Ed. 126 (1908). It is not sufficient that federal law may provide a defense to the plaintiff's claims. *Id.* As a federal defense to a plaintiff's state law claims, ordinary preemption under ERISA § 514 "does not appear on the face of a well-pleaded complaint, and, therefore, does not authorize removal to federal court." *Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58, 63, 107 S.Ct. 1542, 1546, 95 L.Ed.2d 55 (1987).

### 2. Complete Preemption

■ The doctrine of complete preemption is an exception to the well-pleaded complaint rule. This exception derives from the reasoning that "Congress may so completely preempt a particular area that any civil complaint raising this select group of claims is necessarily federal in character." *Metropolitan Life Ins. Co.*, 481 U.S. at 63–64, 107 S.Ct. at 1546. Although a plaintiff's complaint may not explicitly state a federal question, it may implicate a particularly comprehensive federal law that would displace the plaintiff's state law claims. Such state claims are then said to be "completely preempted" by the federal law, allowing removal of the plaintiff's complaint to federal court. *Id.*

In the context of ERISA, complete preemption can only occur when a plaintiff's state law claims are "displaced" by ERISA § 502, the statute's civil enforcement mechanism. *Id.* at 64, 107 S.Ct. at 1547. Section 502(a) states that "a civil action may be brought by a participant or beneficiary to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan." 29 U.S.C. § 1132(a). The Supreme Court has reasoned that Congress intended ERISA § 502 to be the exclusive means for a plan participant to recover benefits from an ERISA-governed plan. *Metropolitan Life Ins. Co.*, 481 U.S. at 63, 107 S.Ct. at 1546 (citing *Pilot Life v. Dedeaux*, 481 U.S. 41, 56, 107 S.Ct. 1549, 1557, 95 L.Ed.2d 39 (1987)). Thus, whenever a plaintiff's cause of action falls within the scope of § 502(a), that cause of action is subject to complete preemption under

rect, the jurisdictional analysis in those opinions is circumspect.

ERISA. *Id.* at 66, 107 S.Ct. 1542, 107 S.Ct. at 1548.

### 3. Conflict between the Circuits

■ Several courts of appeals have created a two-part test for complete preemption, first determining whether the state law claim is preempted by ERISA § 514, and then considering whether the claim falls within the scope of ERISA § 502. *See e.g. McClelland v. Gronwaldt*, 155 F.3d 507, 517 (5th Cir.1998) ("the first step in the complete preemption analysis is to determine whether the claim is subject to ordinary preemption under section 514(a)"); *Emard v. Hughes Aircraft Co.*, 153 F.3d 949, 953 (9th Cir.1998) (stating two-pronged analysis for complete preemption); *Franklin v. QHG of Gadsden, Inc.*, 127 F.3d 1024, 1028 (11th Cir.1997) ("ERISA completely preempts ... when the state law is preempted by ERISA and also falls within the scope of the civil enforcement section"); *Franklin H. Williams Ins. Trust v. Travelers Ins. Co.*, 50 F.3d 144, 149 (2nd Cir.1995) ("a state common law cause of action is removable under ERISA if it 'relates to' an employee benefit plan within the meaning of section 514 and falls within the scope of the statute's civil enforcement provisions"). These courts derive their two-part test for complete preemption from the Supreme Court's statement that "ERISA preemption, without more, does not convert a state claim into an action arising under federal law." *Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58, 64, 107 S.Ct. 1542, 95 L.Ed.2d 55 (1987) (citing *Franchise Tax Board v. Construction Laborers Vacation Trust*, 463 U.S. 1, 25–27, 103 S.Ct. 2841, 77 L.Ed.2d 420 (1983)).

For several reasons, this Court cannot agree that ordinary preemption serves as a prerequisite to complete preemption. First, the complete preemption exception to the well-pleaded complaint rule did not originate with ERISA. *See e.g. Avco Corp. v. Aero Lodge No. 735, Int'l Ass'n of Machinists*, 390 U.S. 557, 560, 88 S.Ct. 1235, 20 L.Ed.2d 126 (1968) (finding that § 301 of Labor Management Relations Act completely preempted state causes of action for violation of contracts between an employer and a labor organization). The Labor Management Relations Act, which does not contain an express preemption clause similar to ERISA § 514, also authorizes removal under the doctrine of complete preemption. Clearly, therefore, the jurisdictional doctrine of complete preemption is conceptually distinct from the federal defense of ordinary preemption under ERISA § 514. Second, a determination of whether ERISA preempts state law under § 514 is a determination on the merits of a defense. Federal courts should not make such determinations prior to ascertaining whether they have jurisdiction. *U.S. Catholic Conference v. Abortion Rights Mobilization, Inc.*, 487 U.S. 72, 108 S.Ct. 2268, 2269, 101 L.Ed.2d 69 (1988); *Christianson v. Colt Industries Operating Corp.*, 486 U.S. 800, 818, 108 S.Ct. 2166, 2178, 100 L.Ed.2d 811 (1988). Third, the Supreme Court's opinions on the issue indicate that complete preemption under ERISA operates solely on the basis of § 502, without reference to § 514. *See e.g. Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58, 66, 107 S.Ct. 1542, 1548, 95 L.Ed.2d 55 (1987) ("Congress has clearly manifested an intent to make causes of action within the scope of the civil enforcement provisions of § 502(a) removable to federal court."); *Franchise Tax Board*, 463 U.S. 1, 24, 103 S.Ct. 2841, 77 L.Ed.2d 420 (1983) ("It may be that *any* state action coming within the scope of § 502(a) of ERISA would be removable to federal district court.") (emphasis added). Courts of appeals in other circuits have apparently construed the Supreme Court's opinions in the same manner, finding that ERISA § 514 is irrelevant to a court's jurisdictional analysis. *See e.g. Joyce v. RJR Nabisco Holdings Corp.*, 126 F.3d 166, 172 (3rd Cir.1997) ("the relevant inquiry ... is whether Joyce's state law claims come within the scope of ERISA § 502"); *Schmeling v. NORDAM*, 97 F.3d 1336, 1341 (10th Cir.1996) (noting that an action is removable "not because of the 'unique

pre-emptive force of ERISA,' but rather because section 502 ... manifested Congress's intent to make actions such as the plaintiff's removable"); *Rice v. Panchal*, 65 F.3d 637, 640 (7th Cir.1995) ("complete preemption under § 502(a) creates federal question jurisdiction whereas conflict preemption under § 514 does not."). *See also Toumajian v. Frailey*, 135 F.3d 648, 655 (9th Cir.1998) ("Because we hold that the district court had no jurisdiction (on the basis of § 502), we do not reach Toumajian's claim that his state law claims do not 'relate to' an ERISA plan within the meaning of § 514.").

The distinction between an analysis that refers solely to the scope of § 502(a) and the two-pronged analysis that seeks first to determine the preemptive consequences of § 514 is important. The two-pronged analysis results in federal courts ruling on a substantive matter—whether ERISA provides a federal defense to a plaintiff's state law claims—even if those courts ultimately find they have no jurisdiction. This raises potential conflicts for state courts when the cases are remanded. In the instant case, for example, this Court might rule that ERISA § 514 preempts Tovey's state law claims but remand to state court on grounds that they do not fall within the scope of § 502. Defendants would likely argue in state court that this Court's finding of ordinary preemption is *res judicata* and requires dismissal. The state court would be faced with a question of whether this Court's finding concerning ERISA § 514 controls or whether it should make its own determination. The preemptive scope of ERISA is a substantive issue that should be determined only by a court of competent jurisdiction—in this case, the state court.[2]

## B. The Complete Preemption Test

### 1. Falling within the Scope of § 502

■ Accordingly, the appropriate test for determining whether a plaintiff's state law claims are completely preempted by ERISA is whether those claims fall within the scope of § 502(a). To determine what claims fall within the scope of § 502(a), the Court must effectuate the underlying congressional policy for that provision. "Congress intended § 502(a) to be the exclusive remedy for rights guaranteed under ERISA." *Ingersoll–Rand v. McClendon*, 498 U.S. 133, 144, 111 S.Ct. 478, 485, 112 L.Ed.2d 474 (1990). ERISA § 502(a) sets forth "a comprehensive civil enforcement scheme that represents a careful balancing of the need for prompt and fair claims settlement procedures against the public interest in encouraging the formation of employee benefit plans." *Pilot Life Ins. Co. v. Dedeaux*, 481 U.S. 41, 54, 107 S.Ct. 1549, 1556, 95 L.Ed.2d 39 (1987). This balancing "would be completely undermined if ERISA-plan participants and beneficiaries were free to obtain remedies un-

---

2. Though legally correct, the Court notes that its analysis may contribute to later problems. Congress is considering a number of legislative proposals to amend ERISA in a manner that would prevent insurers and health maintenance organizations from using the statute as a shield against plaintiffs with traditional state law claims such as medical malpractice, fraud, and negligence. *See e.g.* "The Patients' Bill of Rights Act of 1999," H.R. 216, 106th Cong. § 302 (1999) (introduced by Rep. Norwood); "The Managed Care Reform Act of 1999," H.R. 719, 106th Cong. § 302 (1999) (introduced by Rep. Ganske); S. 6, 106th Cong. § 302 (1999) (introduced by Sen. Daschle). These proposals would amend ERISA § 514 and make no reference to ERISA § 502. They provide that nothing in § 514 shall be construed to "preclude any cause of action under State law to recover damages resulting from personal injury or for wrongful death against any person: (a) in connection with the provision of insurance, administrative services, or medical services to or for a group health plan, or (b) that arises out of the arrangement by such person for the provision of such insurance, administrative services, or medical services by other persons." H.R. 216, § 302; H.R. 719, § 302; S. 6, § 302. Coupling this legislative amendment with the above analysis may result in federal courts being required to adjudicate traditional state law claims, such as medical malpractice, that are completely preempted by ERISA § 502. This is a problem for Congress, and the Court must follow existing law.

der state law that Congress rejected in ERISA." *Id.*

To find that a claim falls within the scope of § 502(a), a court must first determine whether the plaintiff is eligible to bring a claim under that section. ERISA § 502(a) is available only to ERISA-plan participants and beneficiaries. 29 U.S.C. § 1132(a)(1). If a plaintiff is not a participant or beneficiary of an ERISA-governed plan, then he or she cannot bring a claim under this section and the complete preemption doctrine would not apply. *See e.g. Speciale v. Seybold,* 147 F.3d 612, 615 (7th Cir.1998) (finding eligibility to bring claim under § 502(a) to be first necessary element to complete preemption analysis); *Curtis v. Nevada Bonding Corp.,* 53 F.3d 1023, 1026–27 (9th Cir.1995) ("a plaintiff's standing under [§ 502(a)(1) ] is a prerequisite to ERISA jurisdiction"). Second, the subject matter of an eligible plaintiff's state law claim must fall within the scope of § 502(a). In other words, the claim must seek to recover benefits, to enforce rights, or to clarify rights to future benefits. *See e.g. McClelland v. Gronwaldt,* 155 F.3d 507, 518 (5th Cir.1998) (finding claims not within scope of § 502(a) where plaintiff "clearly does not seek to recover benefits or enforce rights under an ERISA plan ... [nor] relief for a breach of fiduciary duty or for violations of the reporting requirements"). Third, the benefits or rights that the plaintiff seeks to recover, clarify, or enforce must arise under the terms of the plaintiff's plan. This factor is best determined by considering whether the Court can resolve the plaintiff's state law claims without an interpretation of the plan documents. *See e.g. Speciale,* 147 F.3d at 615; *Toumajian v. Frailey,* 135 F.3d 648, 656–657 (9th Cir.1998) ("Frailey did not argue that Toumajian's claims were linked to any violation of the terms of an ERISA-plan or the provisions of ERISA, or that the claims involved the refusal or failure to provide ERISA-plan statements.").

## 2. Application of the Complete Preemption Test to Tovey's Claims

■ Having determined the appropriate test for complete preemption, the Court finds that Tovey's state law claims do not fall within the scope of § 502(a). First and foremost, Tovey is not a participant or beneficiary of an ERISA-governed plan. ERISA defines a "participant" as someone "who is or may become eligible to receive a benefit of any type from an employee benefit plan." 29 U.S.C. § 1002(7). The Supreme Court has construed this statutory definition to mean "either employees in, or reasonably expected to be in, currently covered employment, or former employees who have a reasonable expectation of returning to covered employment or who have a colorable claim to vested benefits." *Firestone Tire & Rubber Co. v. Bruch,* 489 U.S. 101, 117–18, 109 S.Ct. 948, 957–58, 103 L.Ed.2d 80 (1989). Defendants admit that Tovey has never been covered under their ERISA-governed plan. Despite this acknowledgment, Defendants argue that Tovey is a plan participant because she erroneously *believed* that she was covered under the group health insurance plan. The statute is written in the present tense, however, and whether a person is a plan participant must be decided as of the time of the filing of the lawsuit. *See e.g. Curtis v. Nevada Bonding Corp.,* 53 F.3d 1023, 1027 (9th Cir.1995); *Adamson v. Armco, Inc.,* 44 F.3d 650, 654 (8th Cir.1995). When Tovey filed her lawsuit against Defendants in state court, she had no reasonable expectation of being covered under Defendants' group health insurance plan. Indeed, Tovey and Defendants agree that she is not covered under Defendants' group health insurance plan. Clearly, therefore, Tovey does not qualify as an ERISA-plan participant and cannot bring suit under ERISA § 502(a).

Second, and contrary to Defendants' assertions, even if Tovey could be deemed a plan participant, her state law claims do not seek to recover benefits or enforce rights that arise under the terms of Defen-

dants' plan. Tovey seeks to recover damages for negligent misrepresentation under Missouri law. To succeed, she must show that: (1) Defendants supplied information to her in the course of their business or because of some other pecuniary interest; (2) the information was false due to Defendants' failure to exercise reasonable care in obtaining or communicating this information; (3) Defendants intentionally provided the information to her; (4) she justifiably relied on the information; and (5) as a result of her reliance, she suffered a pecuniary loss. *Colgan v. Washington Realty Co.*, 879 S.W.2d 686, 689 (Mo.Ct.App.1994). Tovey also seeks damages for Defendants' alleged conversion of the money she believed was being used for her health insurance premiums. In Missouri, the elements of conversion are: (1) plaintiff was the owner of the property or entitled to its possession; (2) defendant took possession of the property with the intent to exercise some control over it; and (3) defendant thereby deprived plaintiff of the right to possession. *Muir v. Ruder*, 945 S.W.2d 33, 35 (Mo.Ct. App.1997). Neither of these torts require interpretation of any terms of Defendants' health insurance plan.[3] *See Wilson v. Zoellner*, 114 F.3d 713, 717 (8th Cir.1997) ("tort of negligent misrepresentation does not 'impose requirements by reference to ERISA covered programs'") (citing *California Division of Labor Standards Enforcement v. Dillingham Constr.*, 519 U.S. 316, 323, 117 S.Ct. 832, 837, 136 L.Ed.2d 791 (1997)). Moreover, the mere need, if any, to refer to Defendants' group health insurance plan to compute the amount of damages for which Defendants might be liable does not constitute "interpretation" of the terms of that plan. *See e.g. Livadas v. Bradshaw*, 512 U.S. 107, 124, 114 S.Ct. 2068, 2078, 129 L.Ed.2d 93 (1994) (rejecting complete preemption under Labor Management Relations Act when only need to reference labor contract is to compute penalty); *Rice v. Panchal*, 65 F.3d 637, 643 (7th Cir.1995). Consequently, the Court concludes that Tovey's claims for negligent misrepresentation and conversion do not fall within the scope of § 502(a) because: (1) Tovey is not an ERISA-plan participant or beneficiary, and (2) Tovey's claims do not seek to recover benefits or enforce rights that arise under the terms of an ERISA-governed plan.

### III. CONCLUSION

For the foregoing reasons, Tovey's complaint is not completely preempted by ERISA and this Court lacks subject matter jurisdiction. Having found that it lacks jurisdiction in this case, the Court will not address the merits of Defendants' motion to dismiss.

It is hereby ORDERED that Plaintiff Joyce Tovey's motion is GRANTED and this case REMANDED, pursuant to 28 U.S.C. § 1447(c), to the Circuit Court of Buchanon County, Missouri.

---

**3.** The Court notes that some state law claims for misrepresentation have been completely preempted because courts have found they required reference to the terms of an ERISA plan. *See e.g. Pilot Life v. Dedeaux*, 481 U.S. 41, 56, 107 S.Ct. 1549, 1557, 95 L.Ed.2d 39 (1987); *Hermann Hosp. v. MEBA Medical & Benefits Plan*, 959 F.2d 569, 578 (5th Cir. 1992). In such cases, however, the alleged misrepresentations involved the scope of coverage or benefits offered by the plan, not the existence of coverage itself. *See e.g. Smith v. Dunham–Bush, Inc.*, 959 F.2d 6, 10–11 (2d Cir.1992) (alleged negligent misrepresentation was promise to pay pension-related benefits); *Slice v. Norway*, 978 F.2d 1045, 1047 (8th Cir.1992) (misrepresentation as to amount of monthly benefits); *Hermann Hosp. v. MEBA Medical & Benefits Plan*, 959 F.2d 569, 578 (5th Cir.1992) ("state law claims of fraud and negligent misrepresentation are based upon the failure of MEBA to pay benefits to which Hermann was entitled"). In this case, Defendants acknowledge that Tovey had no coverage, obviating any need to reference plan documents.