61 F.Supp.2d 889 (1999)
James HARRIS, et al., Plaintiffs,
v.
DEACONESS HEALTH SERVICES CORPORATION, et al., Defendants.
No. 4:99-CV-701 CAS.
United States District Court, E.D. Missouri, Eastern Division.
July 13, 1999.
*890 *891 Randall S. Parker, Parker Law Office, St. Louis, MO, for Plaintiffs.
Brent W. Baldwin, Hinshaw and Culbertson, Kenneth W. Bean, Sandberg and Phoenix, St. Louis, MO, for Defendants.

MEMORANDUM AND ORDER
SHAW, District Judge.
This removed matter is before the Court on plaintiffs' Motion for Remand and defendant Group Health Plan, Inc.'s ("GHP") opposition thereto. Defendant GHP removed this action pursuant to 28 U.S.C. § 1441(b), on the basis that the claims against it invoke the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1001, et seq. GHP specifically cites ERISA's conflict-preemption section, § 514(a), 29 U.S.C. § 1144. Plaintiffs move to remand, contending removal is improper because their cause of action asserts only state law tort claims arising out of negligent care and treatment by health care providers. Plaintiffs also assert that removal is improper because one of the defendants had not been served with process at the time of removal and therefore has not consented to the removal. For the following reasons, the Court concludes it lacks subject matter jurisdiction over this action and will remand the same.

I. Plaintiffs' Claims.

Plaintiffs filed their nine-count petition in state court, naming eight defendants including physicians, hospitals, and GHP, a federally-qualified health maintenance organization. Eight of the counts asserted negligence claims against various defendants, and the ninth asserted a claim for loss of consortium by plaintiff Melvean Harris. Each of the negligence counts arose from the same alleged operative facts, that defendants undertook to provide medical treatment to plaintiff James Harris but negligently failed to properly diagnose and treat his acute appendicitis condition. Plaintiffs allege that as a result of defendants' negligence, James Harris suffered a ruptured appendix, required surgery, incurred substantial medical bills, and suffered permanent injury.
Defendant GHP removed this case to this Court on the basis that it is preempted by ERISA because "plaintiff has challenged the decision of GHP as an HMO concerning the denial of treatment and benefits...." See Notice of Removal at 2. GHP's assertion was supported by citation to one allegation of negligence in Count V, ¶ 9F. of the original petition, to wit:
Defendant, GHP failed and omitted to authorize Plaintiff, JAMES HARRIS' admission into St. Louis University Hospital on March 29, 1997 or Deaconess Hospital on March 29, 1997 and/or March 31, 1997 when he presented himself to said facility with a history, signs and symptoms of appendicitis.
Petition, Count V, ¶ 9F.
Plaintiffs sought and were granted leave to amend their petition following removal. Paragraph 9F of Count V of the First Amended Complaint alleges as follows:
Defendant GHP, as a medical care provider through its employee physicians, failed and omitted to admit James Harris into St. Louis University Hospital on March 29, 1997 or Deaconess Hospital on March 29, 1997 and/or March 31, 1997 when he presented himself to said *892 facility with a history, sign and symptoms of appendicitis.
First Amended Complaint, Count V, ¶ 9F.
In opposing the motion to remand, GHP cites no case law or other authority in support of its position, but merely states, "The mere substitution of the phrases cited above should not allow defendant to defeat an otherwise valid removal, as plaintiff continues to challenge the decision of GHP concerning the denial of treatment of benefits." GHP Mem.Opp. at 2.

II. Removal Jurisdiction.

Plaintiffs' motion for remand requires the Court to determine whether it has removal jurisdiction over this action. Removal of the case from state court is proper only if one or more of the plaintiffs' claims arise under federal law. 28 U.S.C. §§ 1441(a), 1332. As a general rule, an action is removable to federal court only if it might have been brought there originally.
The party invoking jurisdiction bears the burden of proof that all prerequisites to jurisdiction are satisfied. Hatridge v. Aetna Cas. & Sur. Co., 415 F.2d 809, 814 (8th Cir.1969). Removal statutes are strictly construed, and any doubts about the propriety of removal are resolved in favor of state court jurisdiction and remand. In re Business Men's Assur. Co. of America, 992 F.2d 181, 183 (8th Cir.1993); McHugh v. Physicians Health Plan of Greater St. Louis, 953 F.Supp. 296, 299 (E.D.Mo.1997).
The propriety of removal to federal court depends on whether the claim comes within the scope of the federal court's subject matter jurisdiction. See 28 U.S.C. § 1441(b). A claim may be removed only if it could have been brought in federal court originally. Unless complete diversity of citizenship exists, removal is proper only if the claim raises a federal question.[1]See 28 U.S.C. § 1441. A federal question is raised in "those cases in which a well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." Peters v. Union Pacific Railroad Co., 80 F.3d 257, 260 (8th Cir.1996) (quoting Franchise Tax Bd. of State of Cal. v. Construction Laborers Vacation Trust for Southern Cal., 463 U.S. 1, 27-28, 103 S.Ct. 2841, 77 L.Ed.2d 420 (1983)).
In most instances, the presence or absence-of a federal question is governed by the "well-pleaded complaint" rule, "which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." Caterpillar Inc. v. Williams, 482 U.S. 386, 392, 107 S.Ct. 2425, 96 L.Ed.2d 318 (1987); see also M. Nahas & Co., Inc. v. First Nat'l Bank of Hot Springs, 930 F.2d 608, 611 (8th Cir.1991). A plaintiff is the "master of his complaint," and may avoid federal removal jurisdiction by exclusive reliance on state law. Caterpillar, 482 U.S. at 392, 107 S.Ct. 2425.
"A defense is not part of a plaintiffs properly pleaded statement of his or her claim." Rivet v. Regions Bank of Louisiana, 522 U.S. 470, 118 S.Ct. 921, 925, 139 L.Ed.2d 912 (1998). Therefore, a case may not be removed to federal court on the basis of a federal defense. Id. (quoting Franchise Tax Bd. of Cal. v. Construction Laborers Vacation Trust for Southern Cal., 463 U.S. 1, 14, 103 S.Ct. 2841, 77 L.Ed.2d 420 (1983)). There are limited circumstances, however, in which the presentation of a federal defense will give rise to federal jurisdiction. An "independent corollary" to the well-pleaded complaint rule is the "artful pleading doctrine", which provides that a plaintiff may not defeat removal by omitting to plead necessary federal questions. Rivet, 118 S.Ct. at 925, 118 S.Ct. 921 (internal punctuation and citation omitted). The artful pleading doctrine is limited to federal statutes which "so completely pre-empt a particular *893 area that any civil complaint raising this select group of claims is necessarily federal." Metropolitan Life Ins. Co. v. Taylor, 481 U.S. 58, 63, 107 S.Ct. 1542, 95 L.Ed.2d 55 (1987). Although federal preemption is ordinarily a defense, when an area of state law has been completely preempted, any claim purportedly based on the preempted state law is deemed to be a federal claim arising under federal law. Caterpillar, 482 U.S. at 393, 107 S.Ct. 2425.

III. Discussion.

In removal cases, the district court reviews the petition pending at the time of removal, and not subsequent complaints or petitions, to determine its jurisdiction. St. Paul Mercury Indem. Co. v. Red Cab Co., 303 U.S. 283, 58 S.Ct. 586, 82 L.Ed. 845 (1938); see Hatridge v. Aetna Casualty & Surety Co., 415 F.2d 809, 814 (8th Cir.1969). Thus, to determine whether subject matter jurisdiction exists, the Court examines the original petition, not the amended complaint.
In Tovey v. Prudential Ins. Co. of America, 42 F.Supp.2d 919 (W.D.Mo.1999), Judge Dean Whipple recently examined claims of negligent misrepresentation and conversion made by a plaintiff in state court, which were removed to federal court on the basis of ERISA preemption. In a scholarly and well-reasoned opinion, the court explored the subtle complexities presented by removal of a state law tort case under ERISA and described the distinction between complete and ordinary (or conflict) preemption under the statute.
In Tovey, the court explained that ordinary preemption arises from ERISA Section 514(a), which states that ERISA "shall supersede any and all State laws insofar as they may now or hereafter relate to any employee benefit plan" covered by the statute. 29 U.S.C. § 1144(a) (emphasis added). Section 514(a) "provides a federal defense to a plaintiff's state law claims when those claims relate to an employee benefit plan governed by ERISA." Tovey, 42 F.Supp.2d at 922. A significant percentage of existing ERISA jurisprudence focuses on the meaning of the words "relate to" in determining ERISA's preemptive scope. See, e.g., New York State Conference of Blue Cross & Blue Shield Plans v. Travelers Ins. Co., 514 U.S. 645, 115 S.Ct. 1671, 131 L.Ed.2d 695 (1995); Pilot Life Ins. Co. v. Dedeaux, 481 U.S. 41, 45-46, 107 S.Ct. 1549, 95 L.Ed.2d 39 (1987); Arkansas Blue Cross & Blue Shield v. St. Mary's Hosp., Inc., 947 F.2d 1341, 1344-45 (8th Cir.), cert. denied, 504 U.S. 957, 112 S.Ct. 2305, 119 L.Ed.2d 227 (1992) (citations omitted).
Judge Whipple concluded, however, and this Court agrees, that "neither the provisions of ERISA § 514 nor any judicial analysis of ordinary preemption under that section can help the Court determine whether it has subject matter jurisdiction." Tovey, 42 F.Supp.2d at 922 (citing Wilson v. Zoellner, 114 F.3d 713, 721-22 (8th Cir. 1997); In Home Health, Inc. v. Prudential Ins. Co. of America, 101 F.3d 600, 607 (8th Cir.1996)). For a federal court to have federal question subject matter jurisdiction, the federal question must appear on the face of the plaintiff's well-pleaded complaint, and may not be based on a federal defense. See Rivet, 522 U.S. 470, 118 S.Ct. at 925 (quoting Franchise Tax Bd., 463 U.S. at 14, 103 S.Ct. 2841). "As a federal defense to a plaintiff's state law claims, ordinary preemption under ERISA § 514 `does not appear on the face of a well-pleaded complaint, and therefore does not authorize removal to federal court.'" Tovey, 42 F.Supp.2d at 922 (quoting Metropolitan Life Ins., 481 U.S. at 63, 107 S.Ct. 1542).[2]
*894 Thus, to determine whether subject matter jurisdiction exists, the Court must examine whether the doctrine of complete preemption applies. "In the context of ERISA, complete preemption can only occur when a plaintiff's state law claims are `displaced' by ERISA § 502, the statute's civil enforcement mechanism." Tovey, 42 F.Supp.2d at 922 (citing Metropolitan Life Ins., 481 U.S. at 63-64, 107 S.Ct. 1542). Section 502(a) provides that "a civil action may be brought by a participant or beneficiary to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan." 29 U.S.C. § 1132(a). The Supreme Court has concluded that Congress intended § 502 to be the exclusive means for an ERISA plan participant to recover benefits from a covered plan. Metropolitan Life Ins. Co., 481 U.S. at 63, 107 S.Ct. 1542. "Thus, whenever a plaintiff's cause of action falls within the scope of § 502(a), that cause of action is subject to complete preemption under ERISA." Tovey, 42 F.Supp.2d at 922-23 (citing Metropolitan Life Ins., 481 U.S. at 66, 107 S.Ct. 1542.)
To determine whether a plaintiff's claims fall within the scope of § 502(a), a court must examine three factors. See Tovey, 42 F.Supp.2d at 925. First, it must be determined whether the plaintiff is eligible to bring a claim under § 502(a), which is limited to ERISA plan participants and beneficiaries. Second, the subject matter of an eligible plaintiff's state law claims must fall within the section's scope; in other words, the claim must seek to recover benefits, enforce rights, or clarify rights to future benefits. Third, the benefits or rights the plaintiff seeks to recover, clarify, or enforce must arise under the terms of the plaintiff's plan. Id. The last factor is "best determined by considering whether the Court can resolve the plaintiff's state law claims without an interpretation of the plan documents." Id. (citations omitted).
Applying these three factors to this case, the Court concludes that the state law claims in plaintiffs' original petition do not fall within the scope of § 502(a). The Court will assume the first factor is met, as it appears plaintiffs James and Melvean Harris would be eligible to bring claims as a plan participant and beneficiary under § 502(a). The second and third factors, however, are not present, as the plaintiffs' state law claims do not seek to recover benefits or enforce rights that arise under the terms of the plan. James Harris seeks to recover damages from GHP for negligent medical treatment under Missouri law, based on his allegations that GHP acting by and through its agents, servants and/or employees, including but not limited to defendants Drs. Butler and Hudson-Kane, (a) failed to diagnose and treat his condition of appendicitis; (b) failed to order and/or perform necessary tests to diagnose his condition; *895 (c) failed to admit plaintiff to the hospital to monitor his condition and perform tests' (d) failed and omitted to interpret lab tests, x-rays and vital signs as evidencing the condition of appendicitis; (e) failed and omitted to timely treat his ruptured appendix condition; and (f) failed and omitted to authorize plaintiff's admission to St. Louis University Hospital or Deaconess Hospital on specified dates, when he presented himself at those facilities with a history, signs and symptoms of appendicitis. See Petition, Count V, ¶¶ 9A.-F.
Defendant GHP contends that the allegation in paragraph (f) cited above invokes ERISA. The Court disagrees. The paragraph at issue alleges that on two occasions plaintiff went to the hospital with symptoms of appendicitis, but GHP's agents, servants and/or employees negligently failed to properly examine plaintiff so as to determine his condition and admit him to the hospital for treatment. This is an allegation of medical negligence asserted against GHP on an agency theory, and is not a claim for benefits due under a plan. Plaintiffs do not claim, for example, that the hospitals refused to admit James Harris because GHP refused to pay for his admission. Instead of claiming that GHP "withheld some quantum of plan benefits due," plaintiffs complain about "the low quality of the medical treatment that [James Harris] actually received and argue that [GHP] should be held liable under agency and negligence principles." Dukes, 57 F.3d at 356-57.[3]
This interpretation of paragraph 9F. of Count V is bolstered by examining the allegations of that paragraph together with the other allegations of Count V and the lengthy petition as a whole. Negligence by health care providers is the gravamen of plaintiffs' petition, which is firmly grounded in state tort law.[4] Finally, it appears that resolution of the claims alleged in plaintiffs' petition would not require interpretation of any terms of GHP's health insurance plan.
Consequently, the Court concludes that the claims in plaintiffs' petition do not fall within the scope of ERISA § 502(a), because they do not seek to recover benefits or enforce rights that arise under the terms of an ERISA-governed plan. Defendant GHP has failed to meet its burden to establish that all prerequisites to jurisdiction are established. See Hatridge, 415 F.2d at 814.

IV. Conclusion.

For the foregoing reasons, the Court lacks subject matter jurisdiction over this case, and will remand the same to state court for further proceedings. It is therefore not necessary for the Court to address plaintiffs' contention regarding the unserved defendant's failure to join in the notice of removal.
Accordingly,
IT IS HEREBY ORDERED that Plaintiffs' Motion for Remand is GRANTED. [Doc. 15]
*896 IT IS FURTHER ORDERED that this matter is remanded to the Circuit Court for the City of St. Louis, Missouri.
NOTES
[1] There is no allegation that complete diversity of citizenship exists in this case.
[2] As Judge Whipple noted, in Wilson and In Home Health, the Eighth Circuit held that ERISA did not preempt the plaintiffs' state law claims, and remanded to the district courts with orders that the cases be remanded to state court for lack of jurisdiction. Both cases were analyzed under § 514. As discussed more fully infra, the court in Tovey concluded ERISA § 502, not § 514, is the relevant statutory section for determining jurisdictional issues upon removal. See Tovey, 42 F.Supp.2d at 922, n. 1. Judge Whipple questioned the jurisdictional analysis used by the Eighth Circuit in Wilson and In Home Health, and observed that the Court of Appeals "appears to have run aground on the conceptual shoals of federal subject matter jurisdiction." Id. at 921.

Judge Whipple's conclusion, that ERISA can form the basis for removal of a plaintiff's state law claims to federal court only when any of those claims can properly be recharacterized as a claim for benefits under ERISA § 502, is paralleled by persuasive opinions of other circuits. See Dukes v. U.S. Healthcare, Inc., 57 F.3d 350 (3rd Cir.1995) (discussing the distinction between ordinary preemption and complete preemption; holding that where a plaintiff's state law claim is not completely preempted under § 502 but is arguably conflict-preempted under § 514(a), the district court is without removal jurisdiction and must remand the action to state court); Giles v. NYLCare Health Plans, Inc., 172 F.3d 332, 337 (5th Cir.1999) (same; citing Dukes); see also Rice v. Panchal, 65 F.3d 637, 640 (7th Cir.1995) ("complete preemption under & 502(a) creates federal question jurisdiction whereas conflict preemption under § 514 does not."); Toumajian v. Frailey, 135 F.3d 648, 655 (9th Cir.1998) ("Because we hold that the district court had no jurisdiction (on the basis of § 502), we do not reach Toumajian's claim that his state law claims do not `relate to' an ERISA plan within the meaning of § 514.").
[3] In Dukes, the Third Circuit considered whether subject matter jurisdiction existed in two medical malpractice cases removed from state court by an HMO defendant. In one case, the plaintiffs complained that a hospital refused to perform certain blood tests, and thus failed to timely diagnose their decedent's high blood sugar condition. In the other case, the plaintiffs alleged a physician negligently failed to diagnose symptoms of preeclampsia in a pregnant woman. In both cases, the plaintiffs sought to hold the HMO liable for the alleged malpractice on agency theories, and asserted a direct claim against it for negligent selection, employment and oversight of the medical personnel who performed the actual medical treatment. The Third Circuit concluded that neither claim was for a denial of benefits, noting specifically that neither complaint alleged the HMO refused to pay for or otherwise provide medical services. Dukes, 57 F.3d at 356-57.
[4] As the Third Circuit recognized in Dukes, "[T]he distinction between the quantity of benefits due under a welfare plan and the quality of those benefits will not always be clear in situations like this where the benefit contracted for is health care services rather than money to pay for such services." Dukes, 57 F.3d at 358.