**PUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 16-1075**

BILLY E. PRINCE, individually and as personal
representative for the late JUDITH A. PRINCE,

Plaintiff - Appellant,

v.

SEARS HOLDINGS CORPORATION, a Delaware corporation,

Defendant - Appellee.

Appeal from the United States District Court for the Northern
District of West Virginia, at Clarksburg.   John Preston Bailey,
District Judge.  (1:15-cv-00006-JPB)

Argued:  December 6, 2016              Decided:  January 27, 2017

Before MOTZ, KEENAN, and THACKER, Circuit Judges.

Affirmed by published opinion.  Judge Motz wrote the opinion, in
which Judge Keenan and Judge Thacker joined.

**ARGUED**: Chad Lewis Taylor, SIMMERMAN LAW OFFICE, PLLC,
Clarksburg, West Virginia, for Appellant.  Jill E. Hall, BOWLES
RICE LLP, Charleston, West Virginia, for Appellee.  **ON BRIEF**:
Frank E. Simmerman, Jr., SIMMERMAN LAW OFFICE, PLLC, Clarksburg,
West Virginia, for Appellant.   Gerard R. Stowers, BOWLES RICE
LLP, Charleston, West Virginia, for Appellee.

DIANA GRIBBON MOTZ, Circuit Judge:

Alleging that his employer improperly administered life insurance benefits, an employee brought suit for misrepresentation, constructive fraud, and infliction of emotional distress. Because the Employee Retirement Income Security Act ("ERISA") completely preempts these state law claims, we affirm the judgment of the district court dismissing the complaint.

I.

In November 2010, Billy E. Prince submitted an application to his employer for $150,000 in life insurance coverage for his wife, Judith Prince. The employer, Sears, sponsored and administered the life insurance program through The Prudential Insurance Company of America. In May 2011, Sears sent an acknowledgment letter to Prince and began withholding premiums from his pay shortly thereafter.

Later in 2011, Mrs. Prince learned she had Stage IV liver cancer. Almost a year after Mrs. Prince's initial diagnosis, Prince checked his online benefits summary, which confirmed his election to purchase life insurance coverage for his wife in the amount of $150,000. Another year passed, and Sears sent Prince a letter advising him that Mrs. Prince's coverage had never become effective because no "evidence of insurability

2

questionnaire" had been submitted. Sears explained that Prudential had sent a notice to Prince in January 2011 advising that unless a completed insurability questionnaire was submitted, Prudential would terminate his application for the life insurance coverage. Prince claims that he has no record of receipt of that notice but does not dispute that Prudential sent it to him.

On May 26, 2014, Mrs. Prince died. Because Prince did not receive the $150,000 in life insurance, he filed a complaint against Sears in the Circuit Court of Marion County, West Virginia. The complaint asserted one count of "constructive fraud/negligent misrepresentation" and one count of "intentional/reckless infliction of emotional distress," based on Sears's alleged misrepresentations regarding the life insurance policy and the harm thereby inflicted on Mr. and Mrs. Prince.

Sears removed the suit to the United States District Court for the Northern District of West Virginia and asked the court to dismiss the complaint, arguing that ERISA completely preempted Prince's state law claims. Prince opposed the motion and moved to remand the case back to state court. The district court held that ERISA completely preempted Prince's claims. Accordingly, the court denied Prince's motion to remand and

dismissed the complaint without prejudice.  Prince timely filed this appeal.[1]

## II.

"We review de novo questions of subject matter jurisdiction, 'including those relating to the propriety of removal.'"  Sonoco Prods. Co. v. Physicians Health Plan, Inc., 338 F.3d 366, 370 (4th Cir. 2003) (quoting Mayes v. Rapoport, 198 F.3d 457, 460 (4th Cir. 1999)).  The party seeking removal bears the burden of showing removal is proper.  Mulcahey v. Columbia Organic Chems. Co., 29 F.3d 148, 151 (4th Cir. 1994).  When reviewing the grant of a motion to dismiss, we assume all facts in the complaint as true and resolve all doubts in favor of the non-moving party.  Edwards v. City of Goldsboro, 178 F.3d 231, 243–44 (4th Cir. 1999).

"Under the removal statute, 'any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant' to federal court."  Aetna Health Inc. v. Davila, 542 U.S. 200, 207

---

[1] Sears moved to dismiss the appeal, arguing that the district court's order was not final.  We denied the motion, explaining that "no amendment to the complaint would enable Prince's [state law] claims to survive the district court's holding that they were preempted by ERISA."  Order, Prince v. Sears Holdings Corp., No. 16-1075, at *2 (4th Cir. May 13, 2016).

4

(2004) (quoting 28 U.S.C. § 1441(a) (2012)). District courts have original jurisdiction over claims "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. To determine whether a plaintiff's claims "arise under" the laws of the United States, courts typically use the "well-pleaded complaint rule," which focuses on the allegations of the complaint. Aetna, 542 U.S. at 207.

An exception to the well-pleaded complaint rule occurs when a federal statute completely preempts state law causes of action. Id. at 207-08. "[C]omplete preemption 'converts an ordinary state common law complaint into one stating a federal claim.'" Darcangelo v. Verizon Commc'ns, Inc., 292 F.3d 181, 187 (4th Cir. 2002) (quoting Metro. Life Ins. Co. v. Taylor, 481 U.S. 58, 65 (1987)). "[W]hen complete preemption exists, 'the plaintiff simply has brought a mislabeled federal claim, which may be asserted under some federal statute.'" Sonoco, 338 F.3d at 371 (quoting King v. Marriott Int'l, Inc., 337 F.3d 421, 425 (4th Cir. 2003)). Defendants may remove preempted state law claims to federal court, regardless of the "label" that the plaintiff has used. See id.; Griggs v. E.I. DuPont de Nemours & Co., 237 F.3d 371, 379 (4th Cir. 2001).

ERISA's broad civil enforcement provision, § 502(a), codified at 29 U.S.C. § 1132(a), has the potential to preempt state law causes of action. That provision allows a participant

5

or beneficiary of an ERISA plan to bring a civil action "to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan[,] . . . to enjoin any act or practice which violates any provision of this subchapter or the terms of the plan, or . . . to obtain . . . equitable relief."  Id.  "This integrated enforcement mechanism . . . is a distinctive feature of ERISA, and essential to accomplish Congress' purpose of creating a comprehensive statute for the regulation of employee benefit plans."  Aetna, 542 U.S. at 208.

ERISA § 502(a) completely preempts a state law claim when the following three-prong test is met:

> (1) the plaintiff must have standing under § 502(a) to pursue its claim; (2) its claim must "fall[ ] within the scope of an ERISA provision that [it] can enforce via § 502(a)"; and (3) the claim must not be capable of resolution "without an interpretation of the contract governed by federal law," i.e., an ERISA-governed employee benefit plan.

Sonoco, 338 F.3d at 372 (alterations in original) (quoting Jass v. Prudential Health Care Plan, Inc., 88 F.3d 1482, 1487 (7th Cir. 1996)).  Prince concedes that he has standing under ERISA § 502(a) to bring a claim and therefore meets the first prong of the Sonoco test.  Accordingly, we need only consider the second and third prongs.

6

A.

The second prong requires us to determine whether Prince can enforce his claims under § 502(a). This analysis depends on the scope of Prince's claims. Prince asserts that his claims rely on the actions of Sears <u>prior</u> to the denial of benefits, when the company deducted premiums from his pay and reported that he had coverage. Prince does not dispute that he never submitted the required evidence of insurability and that Sears's decision to deny benefits was proper given the terms of the plan. Prince apparently believes that focusing on Sears's actions prior to the denial will allow his claims to escape preemption.

Prince is mistaken. Regardless of whether his claims attack Sears's actions prior to the denial or in issuing the denial, these claims are enforceable under § 502(a). This is so because they challenge the administration of the ERISA plan -- a core § 502(a) claim. Prince is entitled to life insurance benefits only if the ERISA plan provided them. Sears withdrew premiums from Prince's pay only because the ERISA plan required Sears to do so. "It follows that if an individual brings suit complaining of a denial of coverage . . . , where the individual is entitled to such coverage only because of the terms of an ERISA-regulated employee benefit plan, and where no legal duty (state or federal) independent of ERISA or the plan terms is

7

violated, then the suit falls 'within the scope of ERISA.'" Aetna, 542 U.S. at 210.

Contrary to Prince's assertions, his claims implicate no independent legal duty that Sears owed him. Of course, Sears employs Prince, but the company also administers an ERISA plan. Distinct from its duties as an employer, Sears has duties as the plan administrator and those duties clearly fall within the scope of ERISA. Prince's claims concern only the way in which Sears assertedly breached these duties while administering his benefits. His claims are thus entirely within the scope of ERISA § 502(a)(1)(B). See Aetna, 542 U.S. at 211-13; see also Pizlo v. Bethlehem Steel Corp., 884 F.2d 116, 120 (4th Cir. 1989) (explaining that while ERISA does not preempt claims based on a contract of employment, it does completely preempt claims related to modification of pension plans).

In arguing to the contrary, Prince relies heavily on an out-of-circuit district court case, Tovey v. Prudential Ins. Co. of Am., 42 F. Supp. 2d 919 (W.D. Mo. 1999). There, the court held that ERISA did not preempt a state law claim for negligent misrepresentation. But this was because "[f]irst and foremost" Tovey was not an ERISA plan participant and for this reason was not attempting in enforce her rights under an ERISA plan. Id. at 925-26, 926 n.3. In contrast, Prince concedes that he is an ERISA plan participant.

8

Prince also asserts that his state law claims lie outside the scope of ERISA preemption because he asks for "damages" rather than benefits.[2]  ERISA does not permit recovery of money damages, but its "preemptive scope is not diminished simply because a finding of preemption will leave a gap in the relief available to a plaintiff."  Wilmington Shipping Co. v. New England Life Ins. Co., 496 F.3d 326, 341 (4th Cir. 2007). Indeed, the Supreme Court long ago held that "[t]he policy choices reflected in the inclusion of certain remedies and the exclusion of others under the federal scheme would be completely undermined if ERISA-plan participants and beneficiaries were free to obtain remedies under state law that Congress rejected in ERISA."  Pilot Life Ins. Co. v. Dedeaux, 481 U.S. 41, 54 (1987).

Prince can enforce his claims under ERISA; that he cannot recover damages does not require a different conclusion or avoid complete preemption.

### B.

Resolution of Prince's claims would also require interpretation of the ERISA plan, the third and final Sonoco

---

[2] To the extent that he cites any law for this proposition, Prince appears to rely on Tovey, but his reliance is misplaced. Tovey did not hold that a plaintiff could avoid preemption by asking for damages instead of benefits.  Rather, the Tovey court referred to Tovey's request for damages to further illustrate that she was not a plan participant.  42 F. Supp. 2d at 926.

prong. Prince disagrees. He insists that he only challenges the actions Sears took prior to the denial of benefits. This is a distinction without a difference.

Prince's claims of misrepresentation and constructive fraud require assessment of Sears's "duty" as the plan administrator. See Folio v. City of Clarksburg, 655 S.E.2d 143, 151 (W. Va. 2007) (explaining that under West Virginia law negligent misrepresentation requires "a duty to give information to another") (emphasis added); Stanley v. Sewell Coal Co., 285 S.E.2d 679, 683 (W. Va. 1981) (explaining that under West Virginia law constructive fraud requires "breach of a legal or equitable duty") (emphasis added). The only duty Sears had to Prince regarding his benefits (both prior to and after the denial of benefits) stemmed from the ERISA plan. See JA 42, 43, 45, 46, 48, 49, 96 (language in the plan explaining information the administrator will provide and what actions it will take). Determining whether Sears met its duty would require examining what the plan obligated Sears to do.

Prince's infliction of emotional distress claim similarly requires assessment of Sears's conduct in administering the ERISA plan; only if that administration was so inept that it was "outrageous" could Prince recover. See Travis v. Alcon Labs., Inc., 504 S.E.2d 419, 425 (W. Va. 1998) (holding that intentional or reckless infliction of emotional distress

10

requires "that the defendant's conduct was atrocious, intolerable, and so extreme and outrageous as to exceed the bounds of decency"). Prince claims that Sears misled him when it erroneously withheld the premiums and reported that he had coverage. He claims that these actions, and those Sears took once it discovered the mistake, caused him and his wife distress. Determining whether Sears acted in an "outrageous" way would require examining and interpreting Sears's duties and responsibilities under the ERISA plan.

In sum, Prince's claims meet all three prongs of the Sonoco test, and ERISA completely preempts them.

III.

Accordingly, the judgment[3] of the district court is

AFFIRMED.

---

[3] The district court dismissed Prince's complaint without prejudice to permit him to refile it as an ERISA action after he had exhausted his administrative remedies. At oral argument, Prince's counsel expressed skepticism that administrative remedies or mediation would be fruitful, but counsel for Sears indicated that they might indeed be fruitful. We note that the record reflects that Sears initially offered to reopen enrollment for Mrs. Prince, with Prudential evaluating her coverage based on her 2011 medical information. Given that Prince has not explored his administrative remedies, it remains unclear whether they would be productive.

11