Bevie F. **BIGGERS** et al., Plaintiffs,

v.

The **BANKERS BOND COMPANY, INC.,** et al., Defendants.

No. 3646.

United States District Court
W. D. Kentucky,
Louisville Division.

Feb. 4, 1959.

Hubert T. Willis, James T. Carey, Louisville, Ky., H. W. Strasburger, Royal H. Brin, Jr., Dallas, Tex., for plaintiffs.

Henry J. Stites, A. Scott Hamilton, Louisville, Ky., Berkowitz, Lefkovits & Paden, A. Berkowitz, Charles Najjar, Birmingham, Ala., for defendants.

SWINFORD, District Judge.

On January 7, 1959, after a pre-trial conference at which all phases of this case were under consideration and after extended arguments, the court entered, among other things, the following order:

"The motion of the defendants in 3646 to be permitted to amend the counterclaim to the complaint is overruled."

"The Court heard arguments as to the validity of West Buechel bonds in the amount of Two Million Dollars and made a ruling that the bonds were not issued in conformity with the law and Kentucky Statutes and were therefore invalid."

On January 17, 1959, the defendants, Charles D. Dunne and J. E. Dunne II, filed a Notice of Appeal seeking a review of the above cited order.

The order is not a final order within the meaning of 28 U.S.C.A. § 1291. It is only a part of an order in which the court made rulings to simplify the issues, eliminate from the controversy all questions of law and to clarify the questions of fact on which proof is to be offered and which questions of fact are ultimately to be submitted to the jury for its determination.

It has long been an express policy that piecemeal appeals are improper and delay the ultimate decision in legal proceedings. Baltimore Contractors v. Bodinger, 348 U.S. 176, 75 S.Ct. 249, 99 L.Ed. 233.

The defendants are evidently attempting to prosecute an appeal under 28 U.S.C.A. § 1292(b). This section of the Code was enacted as an amendment to Sec. 1292 by an Act of Congress of September 2, 1958. It is my judgment that this is not a case for its application. Since it has been on the statute books for only a comparatively short time there is little authority to guide the trial courts. However, since the section does not expressly modify the long recognized construction of Sec. 1291 and the accepted and sensible policy of allowing appeals only from final judgments, subject to well defined and enumerated statutory exceptions, the new provision should be used sparingly and only in exceptional cases where an immediate appeal may avoid protracted or expensive litigation. Milbert v. Bison Laboratories, 3 Cir., 260 F.2d 431; Kroch v. Texas Co., D.C., 167 F.Supp. 947; Bobolakis v. Compania Panamena Maritima San Gerassimo, D.C.S.N.Y., 168 F.Supp. 236.

My interpretation of the Act is that its provisions are jurisdictional and that no appeal from an interlocutory order, such as the one involved here, can be prosecuted unless the order from which the appeal is sought to be taken expressly states that such order involves a controlling question of law as to which there is substantial ground for differ-

ence of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation. The opinion in Milbert v. Bison Laboratories, supra, quotes at length from the report of the Committee on the Judiciary of the House of Representatives on the bill. The report contains the following language.

"To begin with, before an appeal can be had, the district court must certify in writing that the order involves a controlling question of law and that an immediate appeal may materially advance the ultimate determination of the case."

And in the report made on the bill by the Committee on the Judiciary of the Senate it is said:

"It is discretionary in the first instance with the district judge for he must state in writing as a part of his order that it is his opinion that the order involves a controlling question of law concerning which there is substantial doubt and he must further state that an immediate appeal from the order may materially advance the ultimate termination of the litigation."

It was obviously the will of the Congress in enacting this legislation that the Court of Appeals cannot exercise its discretion in permitting the appeal until such an order from the district court. A careful reading of the Act can lead to no other conclusion.

Examples of the "exceptional cases" referred to in Milbert v. Bison Laboratories, supra, are the long and involved anti-trust cases or cases of a similar nature. The case at bar is not an exceptional case in that sense nor one that can be distinguished from numerous other cases. Neither is it a case that will involve a long trial. Counsel advised the court at the time it was assigned for trial at a pre-trial conference that the trial of the case would not require more than two or three days or a week at the most. To permit the prosecution of an appeal in a case of this nature would, from a practical standpoint, set a precedent for appeals from interlocutory orders in nearly all cases.

 It is safe to say that Congress did not intend to so seriously modify the practical effect of Sec. 1291. Judge Maris in Milbert v. Bison Laboratories, supra, stated that the Senate report mentioned anti-trust actions as the type of cases intended as subject to such appeal and that there was nothing in the language of the statute to imply that Congress intended to establish a kind of "certiorari" policy for the Courts of Appeal whereby so-called "important cases" would receive special appellate treatment.

An order striking the notice of appeal from the record and denying the right to prosecute an appeal and directing the clerk to withhold sending the record to the Court of Appeals is this day entered.