**SOCIALIST WORKERS PARTY et al., Plaintiffs,**

v.

**ATTORNEY GENERAL OF the UNITED STATES et al., Defendants.**

No. 73 Civ. 3160.

United States District Court, S. D. New York.

July 6, 1978.

See also 458 F.Supp. 895.

Leonard B. Boudin, Rabinowitz, Boudin & Standard, New York City, Margaret Winter, Mary B. Pike, New York City, for plaintiffs.

Robert B. Fiske, Jr., U. S. Atty. for S.D. N.Y., New York City by Thomas E. Moseley, Stuart I. Parker, Frank H. Wohl, Asst. U. S. Attys., New York City, for defendants.

OPINION

GRIESA, District Judge.

This Court held, in its opinion of June 30, 1978, that the Attorney General of the United States would be required to comply

with the order of May 31, 1977 forthwith; that compliance by 5:00 P. M., July 7, 1978 would be deemed sufficient compliance with the order; and that in the event of noncompliance with the order the Attorney General would be in civil contempt of court. The stated purpose of allowing until July 7 for compliance was to give the Attorney General time to make a final decision as to what his decision would be.

The Attorney General has this day filed an affidavit stating that he will not comply with the order of May 31, 1977 and will not direct the FBI to produce the files pursuant to that order. The United States Attorney for the Southern District of New York has applied, on behalf of the Attorney General, for a stay of the contempt citation, pending appellate review of the June 30, 1978 decision.

■ In response to the affidavit of the Attorney General and the application of the United States Attorney, the Court rules as follows:

(1) Because the Attorney General has announced that he will not comply with the order of May 31, 1977, the Attorney General is hereby adjudged to be in civil contempt of court, and will remain in contempt of court until and unless he purges his contempt by compliance with the order.

(2) The application for a stay of the contempt citation pending appellate review is denied.

The background and reasoning underlying the contempt citation are set forth in the opinion of June 30, 1978. However, a short additional statement is in order.

Following the ruling of May 31, 1977, this Court granted a stay of that order to permit the Government to seek appellate review. That stay was in effect for approximately one year while the Government proceeded in both the Court of Appeals and the Supreme Court.

The Attorney General now seeks to commence a new round of appellate review. In the considered judgment of this Court, as more fully set forth in the opinion of June 30, 1978, there is no legitimate ground for seeking further appellate review, and the attempt to do so constitutes a totally unjustified attempt to obstruct and delay.

■ This Court is convinced that the Government has obtained a full measure of review on the merits of the May 31, 1977 order. This is not a case where review was denied on some minor procedural or technical ground. The Court of Appeals entertained with full scope the application of the Government for a writ of mandamus, and made a complete set of findings on all applicable questions of law. The Court of Appeals concluded that the May 31, 1977 order was made pursuant to the lawful discretion of the District Court. The Supreme Court denied certiorari, thus leaving the Court of Appeals ruling and the District Court order in place. There is no indication that the Supreme Court acted on some narrow procedural or technical ground. The Supreme Court obviously did not consider the matter of sufficient significance to take on certiorari, thus denying discretionary review as it does in multitudes of cases.

Since there is no demonstrable ground for further appellate review, this Court cannot in good conscience grant a stay pending appellate review.

In a recent address to a bar association, President Carter strongly warned about delays in litigation occasioned by litigants who have the power and resources to create obstructions. In the judgment of this Court, the Attorney General's actions in the present case are virtually a classic example of this problem.

■ The Attorney General continues to suggest that the matter be certified for an interlocutory appeal under 28 U.S.C. § 1292(b) (1970). This section provides in pertinent part that a district court may certify for appeal an order not otherwise appealable if

"such order involves a controlling question of law as to which there is substantial ground for difference of opinion and . . . an immediate appeal from the order may materially advance the ultimate termination of the litigation."

The Government seeks certification for appellate review of both the original May 31, 1977 order and the June 30, 1978 ruling with respect to the contempt sanction.

As to the May 31, 1977 order, in view of the opinion of the Court of Appeals already rendered, there is simply no remaining question of law which could possibly be the basis for a certification. It should be noted that the Court of Appeals expressly stated that the type of procedure directed by this Court—*in camera* review of allegedly privileged documents with the assistance of opposing counsel—was "well-established" as appropriate. *In re United States,* 565 F.2d 19, 23 (2d Cir. 1977), *cert. denied,* —— U.S. ——, 98 S.Ct. 3082, 57 L.Ed.2d 1129 (1978). The Second Circuit relied on the recommendation of the Supreme Court with respect to such a procedure in *United States v. Nixon,* 418 U.S. 683, 715 n.21, 94 S.Ct. 3090, 41 L.Ed.2d 1039 (1974), and the approval of such a procedure in *United States v. Anderson,* 509 F.2d 724, 729 (9th Cir.), *cert. denied,* 420 U.S. 910, 95 S.Ct. 831, 42 L.Ed.2d 840 (1975). The latter case dealt with the question of informant confidentiality.

██ It is the judgment of the Court that there is no question of law newly presented by the Court's June 30, 1978 opinion as to which there is any "substantial ground for difference of opinion." Further, to certify for appeal the question of what sanction a court should impose in its sound discretion under Rule 37 to remedy a discovery violation would not "materially advance the ultimate termination of the litigation." To the contrary, such interlocutory appeals would produce only delay.

All applications for certification are denied.

So ordered.