Sherman WHITE, Appellee,

v.

Crispus NIX; Rob Glaser; John Emmett; James Burton; Unknown/Unnamed Defendants, Sued as Two Unknown BCI Agents, Appellants.

No. 94–1629.

United States Court of Appeals,
Eighth Circuit.

Submitted Oct. 11, 1994.

Decided Dec. 21, 1994.

---

R. Andrew Humphrey, Asst. Atty. Gen., Des Moines, IA, argued, for appellant.

Patrick Ingram, Iowa City, IA, argued, for appellee.

Before FAGG, MAGILL, and MORRIS SHEPPARD ARNOLD, Circuit Judges.

MAGILL, Circuit Judge.

Crispus Nix, a former warden of the Iowa State Penitentiary, and other Iowa state officials appeal an order of the district court requiring them to produce, under protective order, confidential investigative files concerning a prison assault to counsel for Sherman White, the plaintiff in this action and a subject of that investigation. We dismiss this appeal for lack of jurisdiction.

## I. BACKGROUND

Inmate Sherman White was convicted of several violent crimes and was sentenced to life imprisonment. At all relevant times, White has been confined at the Iowa State Penitentiary (ISP). On March 16, 1992, several inmates were involved in an assault at the ISP. Prison officials believed the assault to be drug-related. Three days later, White was placed in non-punitive investigative segregation after he turned over illegal drugs to prison officials. Prison officials investigated both incidents.

White remained in segregation until October 11, 1992. On October 29, 1992, White filed this § 1983 action, alleging that he was placed in segregation as punishment for his refusal to reveal privileged attorney/client communications. In connection with this suit, White sought discovery of files created by prison officials while investigating White's possible involvement in the assault. These files were created for use in any future criminal prosecutions or disciplinary actions that

might arise from the assault. To date, no disciplinary action or criminal prosecution has been initiated, although the investigation remains open.

The defendants provided the files for *in camera* inspection, but resisted production of the files, arguing that: (1) the files were created in anticipation of litigation, and were therefore protected by the work product doctrine; and (2) the files were immune to discovery because the disclosure of the files would undermine prison security. A magistrate judge ordered the defendants to produce the files to White's counsel, subject to a protective order. The district court affirmed the magistrate judge's order. Defendants moved for certification of an interlocutory appeal, and on February 28, 1994, the district court entered an order stating, in relevant part:

> Pursuant to 28 U.S.C. § 1292(b), this [District] Court should grant such an application [for certification of appeal] when 'there is a substantial ground for difference of opinion and [ ] an immediate appeal from the order may materially advance the ultimate termination of the litigation.'
>
> This Court is satisfied that the issues involved [in the discovery dispute] create 'a substantial ground for difference of opinion.' IT IS THEREFORE ORDERED that [defendants'] request for certification to appeal is GRANTED.

## II. DISCUSSION

This interlocutory appeal comes to us by certification under 28 U.S.C. § 1292(b).[1] The requirements of § 1292(b) are jurisdictional. *Biggers v. Bankers Bond Co.*, 171 F.Supp. 94, 95 (W.D.Ky.1959). Although "the parties did not raise any jurisdictional issues[, t]his court is obligated to raise such jurisdictional issues if it perceives any." *Lewis v. United States Farmers Home Ad-*

*min.*, 992 F.2d 767, 771 (8th Cir.1993). Our jurisdictional analysis is guided by the policy embodied in the final judgment rule:

> It has, of course, long been the policy of the courts to discourage piece-meal appeals because most often such appeals result in additional burdens on both the court and the litigants. Permission to allow interlocutory appeals should thus be granted sparingly and with discrimination.

*Control Data Corp. v. International Business Machs. Corp.*, 421 F.2d 323, 325 (8th Cir.1970); *accord Paschall v. Kansas City Star Co.*, 605 F.2d 403, 406 (8th Cir.1979); *Biggers*, 171 F.Supp. at 95.

In accordance with this policy, § 1292(b) "should and will be used only in exceptional cases where a decision on appeal may avoid protracted and expensive litigation, as in antitrust and similar protracted cases." S.Rep. No. 2434, 85th Cong., 2d Sess. (1958), *reprinted in* 1958 U.S.C.C.A.N. 5255, 5260; *accord In re San Juan Dupont Plaza Hotel Fire Litig.*, 859 F.2d 1007, 1010 n. 1 (1st Cir.1988); *Ashmore v. Northeast Petroleum Div. of Cargill*, 855 F.Supp. 438, 440 n. 2 (D.Me.1994); *FDIC v. First Nat'l Bank of Waukesha, Wis.*, 604 F.Supp. 616, 619–20 (E.D.Wis.1985); *Biggers*, 171 F.Supp. at 95–96; *Charles Alan Wright et al., Federal Practice and Procedure* § 3929 (1982 & Supp.1994) ("Opinions given to general pronouncements about the proper method of applying § 1292(b) frequently announce that it is to be used sparingly, in exceptional cases."). A motion for certification must be granted sparingly, and the movant bears the heavy burden of demonstrating that the case is an exceptional one in which immediate appeal is warranted. *Bank of New York v. Hoyt*, 108 F.R.D. 184, 189 (D.R.I.1985). We conclude that the district court abused its discretion in certifying this appeal.[2] Accord-

---

**1.** Section 1292(b) provides in pertinent part:

> (b) When a district judge, in making in a civil action an order not otherwise appealable under this section [that disallows interlocutory appeals with certain exceptions], shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the

ultimate termination of the litigation, he shall so state in writing in such order. The Court of Appeals which would have jurisdiction of an appeal of such action may thereupon, in its discretion, permit an appeal to be taken from such order....

**2.** Alternatively, even had the district court acted within its discretion in issuing the certificate, we possess discretion whether to hear the appeal.

ingly, we vacate our order accepting appellate jurisdiction, dismiss the appeal for lack of jurisdiction, and remand the case to the district court. *See Paschall,* 605 F.2d at 411–12; *Parcel Tankers, Inc. v. Formosa Plastics Corp.,* 764 F.2d 1153, 1156 (5th Cir. 1985).

Section 1292(b) establishes three criteria for certification: the district court must be "of the opinion that" (1) the order "involves a controlling question of law"; (2) "there is substantial ground for difference of opinion"; and (3) certification will "materially advance the ultimate termination of the litigation." *Paschall,* 605 F.2d at 406. We find that this appeal fails to satisfy any of the three statutory criteria.

█ Section 1292(b) certification requires the existence of a "controlling question of law." *Id.* The district court did not mention this statutory criterion for certification when it made findings in its order granting certification. Moreover, when quoting the applicable criteria from the statute, the district court did not include the controlling question of law requirement. Because the district court did not recognize the controlling question of law aspect of the statutory criteria, we are left with the firm conviction that the court failed to give adequate consideration to this criterion when it granted certification. *See Isra Fruit Ltd. v. Agrexco Agric. Export Co.,* 804 F.2d 24, 25 (2d Cir.1986) ("strongly suggest[ing] to district judges the advisability of stating more than a bare finding that the statutory requirements of § 1292(b) have been met" and noting analogy to require-

ments under Fed.R.Civ.P. 54(b)); *COMPACT v. Metropolitan Gov't of Nashville & Davidson Cos., Tenn.,* 786 F.2d 227, 231 (6th Cir.1986) (deference to district court in Fed. R.Civ.P. 54(b) context is due to "the assumption that the district court undertook to weigh and examine the competing factors involved in the certification decision"). Thus, we hold that the district court abused its discretion by failing adequately to consider all the relevant criteria before granting the motion for certification.

█ Moreover, this appeal presents no controlling legal question. A legal question of the type referred to in § 1292(b) contrasts with a "matter for the discretion of the trial court." *Garner v. Wolfinbarger,* 430 F.2d 1093, 1096–97 (5th Cir.1970), *cert. denied,* 401 U.S. 974, 91 S.Ct. 1191, 28 L.Ed.2d 323 (1971). The issue presented by appellants is merely whether the district court abused its discretion in ordering production of the files. *See* Appellant's Br. at 8.[3] As appellants recognize, this discovery ruling is committed to the district court's discretion, and an allegation of abuse does not create a legal issue. Indeed, outside the § 1292(b) context, a district court's resolution of discovery issues is generally subject to appellate review only for "gross abuse of discretion."[4] *SDI Operating Partnership, L.P. v. Neuwirth,* 973 F.2d 652, 655 (8th Cir.1992). The discretionary nature of discovery issues has led at least one court to conclude that discovery orders generally will never involve a controlling question of law. *McCann v. Communications Design Corp.,* 775 F.Supp. 1506, 1533–34 (D.Conn. 1991). Because the discretionary resolution

---

*In re Convertible Rowing Exerciser Patent Litig.,* 903 F.2d 822, 822 (Fed.Cir.), *cert. denied,* 498 U.S. 897, 111 S.Ct. 248, 112 L.Ed.2d 207 (1990). We may deny the appeal for any reason. *Coopers & Lybrand v. Livesay,* 437 U.S. 463, 98 S.Ct. 2454, 57 L.Ed.2d 351 (1978). We would exercise this discretion to refuse jurisdiction over this appeal.

**3.** To the extent that appellants argue that the files are protected by some privilege (*e.g.,* the informant's identity privilege or the work product doctrine), they present a controlling legal issue as to the existence of the privilege. However, these legal issues are not novel, nor is there a substantial basis for difference of opinion, as the law is relatively well-settled. *See, e.g., Simon v. G.D. Searle & Co.,* 816 F.2d 397 (8th Cir.), *cert.*

*denied,* 484 U.S. 917, 108 S.Ct. 268, 98 L.Ed.2d 225 (1987). Moreover, just as the resolution of the balancing issue does not advance the resolution of the litigation, neither does resolution of the privilege issue.

**4.** We are aware that we applied de novo review to certain discovery issues in the context of a certified appeal in *Simon,* 816 F.2d at 399–400. However, *Simon* involved novel controlling issues of law concerning the work product doctrine, attorney/client privilege and construction of Fed.R.Civ.P. 26(b)(2). Moreover, the *Simon* case was a consolidation of approximately 40 cases, and was therefore extraordinary. Neither controlling questions of law nor extraordinary facts are presented by this appeal.

of discovery issues precludes the requisite controlling question of law, we hold that appellants' challenge to the district court's balancing of interests involves no controlling question of law.

■ Certification also requires "substantial ground for difference of opinion." *Paschall,* 605 F.2d at 406. We have been presented with no case directly dealing with the issue of inmate discovery of confidential investigative files in the context of a § 1983 suit similar to White's. However, substantial ground for difference of opinion does not exist merely because there is a dearth of cases. *First Nat'l Bank of Waukesha,* 604 F.Supp. at 620.

A closely analogous body of case law concerning discovery of investigative files during disciplinary proceedings and subsequent petitions for habeas corpus exists. This body of law uniformly establishes that before an inmate's counsel may receive confidential files under a protective order, two conditions must be satisfied: (1) counsel must be found to be trustworthy, thereby minimizing risk of intentional disclosure; and (2) the risk of inadvertent disclosure must be balanced against the inmate's need for the information in devising the form and extent of any disclosure. In balancing these interests, a court should consider various alternative means of presenting the information so as to minimize the risk of inadvertent disclosure (*e.g.,* substantive stipulations, stipulations as to the order of discovery, evidentiary summaries, substitution of interrogatories or depositions for orders of production of documents, or only as a last resort, redaction). *See, e.g., Howard v. State,* 439 N.W.2d 193, 195 (Iowa 1989); *Wagner v. Williford,* 804 F.2d 1012, 1017–18 (7th Cir.1986).[5]

While identification of "a sufficient number of conflicting and contradictory opinions" would provide substantial ground for disagreement, *Oyster v. Johns–Manville Corp.,* 568 F.Supp. 83, 88 (E.D.Pa.1983) (internal quotation and citation omitted), White has cited no law to the contrary.[6] Moreover, the law enunciated in cases such as *Howard* and *Wagner* is confirmed by the Supreme Court's decision in *Bell v. Wolfish,* 441 U.S. 520, 99 S.Ct. 1861, 60 L.Ed.2d 447 (1979), and its progeny. We conclude that in light of this established body of law, there is no substantial ground for difference of opinion. The district court's recitation of the statutory language without providing any reasoning was an abuse of its discretion. *Cf. COMPACT,* 786 F.2d at 231.

■ Finally, certification is proper only when it will "materially advance the ultimate termination of the litigation." *Paschall,* 605 F.2d at 406. Although the district court quoted this portion of the statute, it made no mention of it when making the necessary findings. Thus, we conclude that the district court failed to consider this statutory criterion. Moreover, resolution of this discovery dispute does little to advance the ultimate termination of the litigation and results only in delay. *Cf. Socialist Workers Party v. Attorney Gen. of the United States,* 458 F.Supp. 923, 925 (S.D.N.Y.1978) (appeal of sanction for refusal to comply with discovery order would not materially advance ultimate termination); *Ostow & Jacobs v. Morgan–Jones, Inc.,* 181 F.Supp. 208, 218 (S.D.N.Y. 1960) (appeal of extension of time to answer complaint and vacating of subpoena and notice of deposition would not materially advance ultimate termination). Whether or not White obtains the files, he will press his § 1983 claims. White may take advantage of numerous alternative methods of discovery irrespective of the decision of the district court as to whether the documents must be produced, and he has alternative means of proving the necessary facts. When litigation will be conducted in substantially the same manner regardless of our decision, the appeal cannot be said to materially advance the

---

5. We note that the district court may wish to revisit its decision concerning discovery in light of our refusal to consider the issue prematurely. When reviewing its decision, the district court may wish to more fully consider alternative means of developing the necessary facts.

6. White's citations of law concerning the general preference for broad discovery address one of the interests that must be balanced, but because these cases do not specifically address or balance the unique concerns with prison order and discipline, they do not create a contradiction or conflict.

ultimate termination of the litigation. *Ashmore*, 855 F.Supp. at 440; *Bank of New York*, 108 F.R.D. at 188; *United States v. Rastelli*, No. CV–87–2974, 1989 WL 5273, at *4 (E.D.N.Y. Jan. 23, 1989). Thus, we hold that the resolution of this discovery dispute will not materially advance the ultimate termination of this litigation.

### III. CONCLUSION

We conclude that the district court abused its discretion in certifying this interlocutory appeal where none of the statutory criteria were satisfied. Certification is designed to be used sparingly and in extraordinary cases. This simple § 1983 suit is not extraordinary, and certification of this dispute was not a sparing use of § 1292(b). This discretionary ruling presents no controlling question of law. The unanimity of the body of relevant law provides no substantial ground for disagreement. Immediate appeal does not materially advance the ultimate termination of the litigation. Accordingly, we dismiss this appeal for lack of jurisdiction.