**In the Matter of Arthur J. HAMILTON, Petitioner.**

**No. 97–8039.**

United States Court of Appeals, Seventh Circuit.

Submitted Aug. 5, 1997.

Decided Sept. 2, 1997.

Lee W. Barron (submitted on briefs), Gail Renshaw, Wood River, IL, for Petitioner.

Robert G. Raleigh, Hoagland, Fitzgerald, Smith & Pranaitis, Alton, IL, Steven R. Wall, Sarah E. Bouchard, Morgan, Lewis & Bockius, Philadelphia, PA, for Respondent.

Before POSNER, Chief Judge, and EASTERBROOK and MANION, Circuit Judges.

POSNER, Chief Judge.

The plaintiff asks us to let him appeal from an order by the district court granting summary judgment for the defendant on one count (violation of the Americans with Disabilities Act) of the two-count complaint (the other count charges a violation of the common law of Illinois). The district court certified this interlocutory order for immediate appeal under 28 U.S.C. § 1292(b); the statute requires our concurrence. The court gave no explanation for why it thought its order meets the statutory criteria for an interlocutory appeal; plainly it does not.

The district court did not certify its order for immediate appeal in the order itself, the procedure contemplated by the statute, but did so instead in a separate order, entered one month later (though issued only three weeks later), granting a motion for certification. We have, however, authorized this procedure. *Nuclear Engineering Co. v. Scott*, 660 F.2d 241, 245–48 (7th Cir.1981); see *Weir v. Propst*, 915 F.2d 283, 286 (7th Cir. 1990); *Marisol by Forbes v. Giuliani*, 104 F.3d 524, 527–29 (2d Cir.1996); *In re Benny*, 812 F.2d 1133, 1136–37 (9th Cir.1987). And the petition for certification was filed in this court within ten days of the entry of that order, which was timely. *Weir v. Propst,*

*supra*, 915 F.2d at 287; see Fed. R.App. P. 5(a). In addition the district court both recited the statutory criteria ("a controlling question of law as to which there is substantial ground for difference of opinion") and identified the question, or rather questions, which the court thought met the criteria: "whether or not plaintiff who suffered two heart attacks was regarded as disabled by the defendant and whether plaintiff had a history of impairment as defined by the ADA."

So far, so good—as far as satisfying the procedural formalities of section 1292(b) is concerned. See *Hewitt v. Joyce Beverages of Wisconsin, Inc.*, 721 F.2d 625, 627 (7th Cir.1983); *Clark–Dietz & Associates–Engineers, Inc. v. Basic Construction Co.*, 702 F.2d 67, 68 (5th Cir.1983). Maybe better than good, since literal repetition of the statutory criteria in the district court's order of certification is not required. *Sargent v. Paine Webber Jackson & Curtis, Inc.*, 882 F.2d 529, 531 (D.C.Cir.1989). But it would be a great help to us if the district court, whenever it certifies a case for an immediate appeal under 1292(b), explained *why* it thinks the case satisfies the statutory criteria. *White v. Nix*, 43 F.3d 374, 377 (8th Cir.1994); *Isra Fruit Ltd. v. Agrexco Agricultural Export Co.*, 804 F.2d 24 (2d Cir.1986); see also *Rumpke of Indiana, Inc. v. Cummins Engine Co.*, 107 F.3d 1235, 1238 (7th Cir.1997); 16 Charles Alan Wright, Arthur R. Miller & Edward H. Cooper, *Federal Practice and Procedure* §§ 3929, p. 375 and nn. 33–34, and 3930, p. 419 and nn. 9–10 (2d ed.1996). (Our principal purpose in publishing this opinion is to convey this message to the district courts of this circuit.) Had the court done so here, moreover, it would quickly have seen that certification was impermissible under the statutory criteria as amplified in such decisions as *Johnson v. Burken*, 930 F.2d 1202, 1205–06 (7th Cir.1991). Neither question is a question of law, *White v. Nix, supra*, 43 F.3d at 377; *Harriscom Svenska AB v. Harris Corp.*, 947 F.2d 627, 631 (2d Cir.1991); *Garner v. Wolfinbarger*, 430 F.2d 1093, 1096–97 (5th Cir.1970), though a legal issue may be latent in the second ("whether plaintiff had a history of impairment as defined by the

ADA"). And because no relation is indicated between the questions and the retained count, no basis has been laid for thinking that answering the former will expedite the litigation. *People Who Care v. Rockford Board of Education*, 921 F.2d 132, 134 (7th Cir.1991); White v. Nix, *supra*, 43 F.3d at 378–79. The retention of that count is questionable, moreover, with the federal claim having been dismissed before trial. *Van Harken v. City of Chicago*, 103 F.3d 1346, 1354 (7th Cir.1997). So we cannot concur in the certification, and the motion for leave to appeal is therefore

DENIED.