Tonya GRAHAM, Plaintiff,

v.

HUBBS MACHINE AND MANU-FACTURING, INC. and Rick Benward, Defendants.

Case No. 4:14–CV–419 (CEJ).

United States District Court, E.D. Missouri, Eastern Division.

Signed June 16, 2014.

Order Denying Reconsideration Sept. 29, 2014.

Bridget L. Halquist, Sher Corwin LLC, St. Louis, MO, for Plaintiff.

James N. Foster, Jr., Stephen B. Maule, McMahon and Berger, St. Louis, MO, for Defendants.

### MEMORANDUM AND ORDER

CAROL E. JACKSON, District Judge.

This matter is before the Court on plaintiff's motion to remand this action to the Twenty–Third Judicial Circuit Court (Jefferson County, Missouri), from which it was removed. Defendants oppose the motion, and the issues are fully briefed.

## I. Background

On August 26, 2013, plaintiff filed a one count complaint against defendants Hubbs Machine and Manufacturing, Inc. (Hubbs Machine) and Rick Benward in the Circuit Court of Jefferson County, alleging wrongful termination against Missouri public policy. On March 5, 2014, plaintiff filed an amended complaint, adding a citation to the Employee Retirement Income Security Act of 1974 (ERISA), 29 U.S.C. § 1001 *et seq.*, and asserting a second claim against Benward for tortious interference of a business expectancy.

According to the amended complaint, plaintiff was employed by Hubbs Machine from February 1996 through July 2013. At the time of her termination, she was the Vice President and had held that position since July 2008. On May 5, 2013, Benward was hired as the President and Chief Executive Officer (CEO) of Hubbs Machine. Benward was also employed by New York Life Securities, LLC (NY Life) and acted as NY Life's third-party manager of employee and retirement benefits for the employee retirement plans of Hubbs Machine.

Upon learning that Benward was hired as the President and CEO, plaintiff alleges that she voiced concerns to both Benward and William Hubbs, the owner of Hubbs Machine, about Benward's concurrent employment with NY Life. Benward denied any conflict of interest. On June 10, 2013, plaintiff contacted NY Life and she alleges that a representative of the company's compliance department informed her that Benward's concurrent employment was a conflict of interest and that it constituted outside business activity in violation of Financial Industry Regulatory Authority Rules. On June 12, 2013, plaintiff again voiced her concerns to Benward. On June 17, 2013, Benward announced that he would no longer manage the employee and retirement benefits for Hubbs Machine.

Plaintiff alleges that immediately thereafter, she began to suffer retaliation for her complaints, including unwarranted disciplinary action, reduction of duties and responsibilities, and harassment. Plaintiff alleges that on July 29, 2013, she received a letter from Benward threatening her employment and that on July 30, 2013, she received a letter from William Hubbs accusing her of engaging in conduct which violated the company's reasonable standards and expectations. She was terminated on July 31, 2013.

On March 6, 2014, defendants removed this action, contending that plaintiff's wrongful termination claim is completely preempted by ERISA. [Doc. # 1, ¶ 10]. Plaintiff filed the instant motion to remand, asserting that this Court lacks subject-matter jurisdiction because her claims arise solely under Missouri state law.

## II. Legal Standard

■ An action is removable to federal court if the claims could have originally been filed in federal court. 28 U.S.C. § 1441; *In re Prempro Products Liability Litigation*, 591 F.3d 613, 619 (8th Cir. 2010). "The existence of federal question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that, 'federal question jurisdiction exists only when a federal question is presented on the face of a plaintiff's properly pleaded complaint.'" *Mayfield v. Luthern Senior Services*, 2009 WL 3526361, *2 (E.D.Mo. Oct. 26, 2009) (citing *Avenevoli v. Lockton Companies, Inc.*, 2008 WL 509545, *2 (E.D. Mo. Feb. 22, 2008)).

■ Preemption under ERISA is one narrow exception to the well-pleaded complaint rule. *Hutson v. Kohner Props.*, 2009 WL 3617482, 2009 U.S. Dist. LEXIS 100359 (E.D.Mo. Oct. 28, 2009) (citing *Prudential Ins. Co. of Am. v. Nat'l Park Med. Ctr., Inc.*, 413 F.3d 897, 907 (8th Cir.2005)). Under ERISA preemption, "a state law cause of action is subject to removal only where the claim 'relates to any employee benefit plan,' 29 U.S.C. § 1144(a) … and the claim seeks to recover benefits due or enforce rights under the terms of a plan, 29 U.S.C. § 1132(a) [or § 1144(a) ], such that the exclusive cause of action is under federal law." *Avenevoli*, 2008 WL 509545, at *3 (citing *Neumann v. AT & T Communications, Inc.*, 376 F.3d 773, 780 (8th Cir. 2004)).

■ The defendant bears the burden of establishing federal jurisdiction by a preponderance of the evidence. *Altimore v. Mount Mercy College*, 420 F.3d 763, 768 (8th Cir.2005). All doubts about federal jurisdiction must be resolved in favor of remand. *In re Bus. Men's Assurance Co. of Am.*, 992 F.2d 181, 183 (8th Cir.1993). In the event that the federal court determines that it lacks subject-matter jurisdiction over a removed action, it must remand the action to the state court where it originated. 28 U.S.C. § 1447(c).

## III. Discussion

In the notice of removal, defendants contend that federal question jurisdiction exists because plaintiff's claim of wrongful discharge is preempted by ERISA. Their argument is premised upon plaintiff's allegations in paragraphs 30 and 32 of the amended complaint, which state:

30. In complaining about and reporting Defendant Benward's conflict of interest and outside business activities, which were orchestrated, sanctioned and condoned by Defendant Hubbs Machine, Plaintiff Graham exercised her rights to report violations of law, regulations, administrative rules, and or public policy, including but not limited to violations of Financial Industry Regulatory Authority ("FINRA") rules, ethical codes, and regulations, including, but not limited to, FINRA Rules 3270, 2010 and those governing conflicts of interest; *the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001 et seq., including but not limited to 29 U.S.C. § 1106;* and Chapter 409 of the Missouri Revised Statutes[.]

32. Defendant Hubbs Machine engaged in a pattern of harassment and ultimate termination of Plaintiff Graham's employment in retaliation for her complaining about and reporting violations of: FINRA rules, ethical codes, and regulations, including, but not limited to, FINRA Rules 3170, 2010 and those governing conflicts of interest; *the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001 et seq., including but not limited to 29 U.S.C. § 1106;* and Chapter 409 of the Missouri Revised Statutes, governing the regulation of securities, including but not limited to Mo. Rev.Stat. 409.810 and 409.5–501 *et seq.,* and the implementing regulations promulgated in 15 CSR 30–51.169 to 30–51.173.

Doc. # 8, ¶¶ 30 and 32 (emphasis added).

In the instant motion to remand, plaintiff argues that her citations to ERISA are insufficient to convey federal jurisdiction over her state law claims because she is not seeking to recover ERISA benefits, exercise any rights under ERISA, or clarify the provisions of an ERISA plan.

Section 514 of ERISA preempts all state laws that "relate to" employee benefit plans. 29 U.S.C. § 1144(a). ERISA preemption has been interpreted to have an extremely broad application. *Mayfield,* 2009 WL 3526361, at *2 (emphasis added). "The phrase 'relate to' was given its broad common-sense meaning, such that a state law 'relate[s] to' a benefit plan in the normal sense of the phrase, if it has a connection with or reference to such a plan." *Pilot Life Ins. Co. v. Dedeaux,* 481 U.S. 41, 107 S.Ct. 1549, 95 L.Ed.2d 39 (1987). "In those cases where federal courts have decided that preemption is not mandated, the rationale often advanced is that the state law in question impacts upon ERISA in an indirect manner that is too tenuous or too remote to warrant preemption." *Greenblatt v. Budd Co.,* 666 F.Supp. 735, 741 (E.D.Pa.1987).

In the instant case, plaintiff alleges two state law causes of action: (1) wrongful termination in violation of Missouri public policy; and (2) tortious interference with a business expectancy. However, included within the wrongful termination claim, are allegations that plaintiff's objections to Benward's concurrent employment was an exercise of her rights to report ERISA violations and that her termination was in retaliation for reporting ERISA violations. [Doc. # 8, ¶¶ 30 and 32]. The Court finds that these allegations sufficiently implicate ERISA preemption.

Similar to the instant case, the plaintiff in *McLean v. Carlson Companies, Inc.,* 777 F.Supp. 1480, 1483 (D.Minn.1991), brought a wrongful discharge claim against her previous employer, alleging that she was wrongfully discharged because she "reported a violation or suspected violation of federal and state laws including, but not limited to, [a] violation of ERISA." The court in *McLean* held that "state common law or statutory causes of action for wrongful discharge premised on allegations that the employer discharged an employee *because* the employee asserted rights under an employee benefit plan are preempted by ERISA." *McLean v. Carlson Companies, Inc.,* 777 F.Supp. 1480, 1483 (D.Minn.1991) (emphasis added) (citing *Ingersoll–Rand Co. v. McClendon,* 498 U.S. 133, 138, 111 S.Ct. 478, 112 L.Ed.2d 474 (1990)). Other courts have also reached the same conclusion. *See DeFelice v. Heritage Animal Hospital, Inc.,* 2010 WL 3906147, 2010 U.S. Dist. LEXIS 103075 (E.D.Mich. Sept. 29, 2010) (ERISA preempted plaintiff's claim brought under Michigan's whistleblower act to the extent that plaintiff alleged that she was terminated for reporting a suspected ERISA violation); *Anderson v. Electronic Data Sys. Corp.,* 11 F.3d 1311, 1314 (5th Cir.1994) (plaintiff's "wrongful discharge claim is preempted insofar as it is based on his refusal to carry out violations of ERISA, and reporting such violations to management.").

Thus, although plaintiff's amended complaint technically pleads two state law causes of action, her claims "relate to" an ERISA plan as a result of her allegations that she was wrongfully terminated in retaliation for reporting violations of ERISA. Accordingly, defendant has a right to remove plaintiff's claims to federal court.

\* \* \*

For the reasons discussed above,

**IT IS HEREBY ORDERED** that plaintiff's motion to remand [Doc. # 12] is **denied.**

### MEMORANDUM AND ORDER ON RECONSIDERATION

This matter is before the Court on plaintiff's motion for reconsideration of the order denying remand or, in the alternative, motion for order certifying this case for interlocutory appeal. Defendants oppose the motion, and the issues are fully briefed.

### I. *Background*

On August 26, 2013, plaintiff filed a one-count complaint against defendants Hubbs Machine and Manufacturing, Inc. and Rick Benward in the Circuit Court of Jefferson County, alleging wrongful termination in violation of Missouri public policy. Plaintiff filed an amended complaint on March 5, 2014, adding citations to state and federal laws and regulations to support her wrongful termination claim, including a citation to the Employee Retirement Income Security Act of 1974 (ERISA), 29 U.S.C. § 1001, *et seq.* Plaintiff also asserted a second claim against Benward for tortious interference with a business expectancy.

On March 6, 2014, defendants removed the action, contending that ERISA completely preempts plaintiff's wrongful termination claim under §§ 1132(a)(3), 1140, and 1144. Plaintiff filed a motion to remand the action to circuit court on April 1, 2014, asserting that this Court lacks subject-matter jurisdiction because her claims arise solely under Missouri law. In support of her motion, plaintiff argued that she is not bringing the action to exercise any rights under ERISA, her claims do not "relate to" an ERISA plan as set forth in § 1144, and § 1144 of ERISA does not provide a basis for removal as it only

establishes an affirmative defense. On June 16, 2014, the Court denied plaintiff's motion to remand. The Court found that plaintiff's claims relate to an ERISA plan, because she alleges she was wrongfully terminated in retaliation for reporting violations of ERISA. Therefore, the Court concluded, ERISA preemption is implicated and the defendant had the right to remove plaintiff's claims to federal court.

On June 23, 2014, plaintiff filed the instant motion for reconsideration of the order denying remand pursuant to Fed. R.Civ.P. 59(e) and 60(b), arguing that the Court misconstrued her complaint in finding that she was asserting her rights against wrongful termination under ERISA rather than only Missouri common law. Plaintiff also reasserts her argument that § 1144 of ERISA does not convey federal subject-matter jurisdiction. In the alternative, plaintiff requests an order certifying the case for interlocutory appeal on the issue of jurisdiction under ERISA preemption.

## II. *Discussion*

### A. *Motion for Reconsideration of Order Denying Remand*

Federal Rule of Civil Procedure 59(e) allows a district court to correct its own mistakes in the time period immediately following entry of judgment. *Norman v. Ark. Dep't of Educ.*, 79 F.3d 748, 750 (8th Cir.1996) (*citing White v. N.H. Dep't of Emp't Sec.*, 455 U.S. 445, 450, 102 S.Ct. 1162, 71 L.Ed.2d 325 (1982)). Rule 59(e) motions serve a limited function of correcting "manifest errors of law or fact or to present newly discovered evidence." *Innovative Home Health Care, Inc. v. P.T.-O.T. Assocs. of the Black Hills*, 141 F.3d 1284, 1286 (8th Cir.1998) (internal quotation and citations omitted). "Such motions cannot be used to introduce new evidence, tender new legal theories, or

raise arguments which could have been offered or raised prior to entry of judgment." *Id.*

Federal Rule of Civil Procedure 60(b) sets forth grounds for relief from a final judgment, order, or proceeding. Rule 60(b) "provides for extraordinary relief which may be granted only upon an adequate showing of exceptional circumstances." *Robinson v. Armontrout*, 8 F.3d 6, 7 (8th Cir.1993). Under 60(b)(6), the catch-all provision, the "exceptional circumstances" must have "denied the movant a full and fair opportunity to litigate his/her claims and have prevented the movant from receiving adequate redress." *Hodge v. Burlington N. & Santa Fe Ry. Co.*, 461 F.Supp.2d 1044, 1054 (E.D.Mo. 2006) (citing *Harley v. Agostini*, 413 F.3d 866, 871 (8th Cir.2005)).

Plaintiff asserts that the Court's order misconstrues the complaint, in which plaintiff alleges that by reporting Benward to authorities she had "exercised her rights to report violations of ... the Employee Retirement Income Security Act of 1974," among other laws and regulations. Plaintiff insists she was only referring to her Missouri common law right to be free from workplace retaliation. She restates her prior argument that she was not asserting any rights under ERISA. Because the Court has already considered and rejected this argument in its order denying remand, there is no basis for the Court to reconsider its prior decision. *See Broadway v. Norris*, 193 F.3d 987, 989–90 (8th Cir.1999) (stating that Rule 60(b) is "not a vehicle for simple reargument on the merits").

Plaintiff also argues that in finding plaintiff's claims to be preempted by ERISA, the Court was relying exclusively upon § 1144 to establish subject-matter jurisdiction, contrary to Eighth Circuit

precedent. The Court finds that plaintiff's assertion here relies on a fundamental misunderstanding of judicial decisions interpreting the preemption standards underlying ERISA's statutory scheme and a further misinterpretation of the Court's order. The Court will thus clarify its order as follows.

■■■ ERISA contains two types of preemption: "complete preemption" under § 1132 and "express preemption" under § 1144. *Prudential Ins. Co. of Am. v. Nat'l Park Med. Ctr., Inc.*, 413 F.3d 897, 907 (8th Cir.2005). Under § 1144(a), a state law "relates to" an ERISA plan, and is thereby expressly preempted, "if it has a connection with or reference to such a plan," *Shaw v. Delta Air Lines, Inc.*, 463 U.S. 85, 97, 103 S.Ct. 2890, 77 L.Ed.2d 490 (1983), or "where resolution of the claim is substantially dependent on an analysis of the terms of the benefit plan." *Neumann v. AT & T Comm'n, Inc.*, 376 F.3d 773, 780 (8th Cir.2004). For the reasons provided in the Court's prior order, plaintiff's claims are expressly preempted by ERISA.

■■■ Plaintiff is correct in noting that falling under the express preemption of § 1144 does not result in "automatic removal to federal court." *Prudential Ins. Co. of Am.*, 413 F.3d at 907 (stating that § 1144(a) provides an affirmative defense against claims not completely preempted by ERISA). However, it would be grossly inaccurate to suggest that removal is foreclosed. Rather, if the claim falls under § 1132, it is completely preempted by federal law and thus removable. *Neumann,* 376 F.3d at 779–80. Plaintiff interprets the Court's order to implement a two-part test, by which establishing preemption under § 1144 is an absolute prerequisite for complete preemption under § 1132. This, however, is incorrect. Finding a claim completely preempted under § 1132 is not dependent upon first finding express preemption under § 1144. *See Harris v. Deaconess Health Servs. Corp.*, 61 F.Supp.2d 889, 893 (E.D.Mo.1999) (holding that judicial analysis of the preemption under § 1144 cannot help a federal court determine whether it has subject-matter jurisdiction).[1] Nonetheless, preemption under both sections generally co-exists. "Naturally, if a claim were for [asserting a right] under an ERISA plan, then the claim will 'relate to' the plan." *Ervast v. Flexible Prods. Co.*, 346 F.3d 1007, 1013 n. 7 (11th Cir.2003).

■■■ Under § 1132(a), "any claim filed by a plan participant for the same relief provided under ERISA's civil enforcement provision, even a claim purportedly raising only a state-law cause of action, arises under federal law and is removable to federal court." *Prudential Ins. Co. of Am.*, 413 F.3d at 907 (citing *Neumann,* 376 F.3d at 779). To determine whether a claim falls within the

---

1. Additionally, it is incorrect to suggest that § 1144 by itself provides a basis for removal to federal court. In its prior order, the Court altered a quote from *Avenevoli v. Lockton Cos, Inc.*, No. 4:07–cv–1867 (HEA), 2008 WL 509545, *2 (E.D.Mo. Feb. 22, 2008), by inserting brackets to reference § 1144 in place of the *Avenevoli* court's alteration of the quote from *Neumann,* 376 F.3d at 779–80, which had added a bracketed reference to § 1140. This was an alteration, not a misquote, as plaintiff suggests. *See The Bluebook: A Uniform System of Citation* R. 5.2(a), at 77 (Columbia Law Review Ass'n et al. Eds., 19th ed. 2010) ("Substituted words or letters and other inserted material should also be bracketed."). By adding this reference to § 1144, the Court did not allow removal solely based upon § 1144. Rather, complete preemption under § 1132(a) remains a necessary basis for subject-matter jurisdiction. While the prior order did not provide a full analysis of the Court's determination that plaintiff's claims are completely preempted by ERISA, the Court will do so in this order.

scope of § 1132, three factors must be considered: (1) whether the plaintiff is eligible to bring a claim under that section; (2) whether the subject matter of the plaintiff's state law claims fall within the scope of an ERISA provision the plaintiff can enforce by § 1132; and (3) whether the rights the plaintiff seeks to recover, clarify or enforce arise under the terms of plaintiff's ERISA plan. *Harris,* 61 F.Supp.2d at 894 (citations omitted); *see also Jass v. Prudential Health Care Plan, Inc.,* 88 F.3d 1482, 1487 (7th Cir.1996) (implementing a virtually identical test). "The last factor is best determined by considering whether the Court can resolve the plaintiff's state law claims without an interpretation of the plan documents." *Harris,* 61 F.Supp.2d at 894 (citations omitted).

In contrast to what plaintiff claims in the instant motion, defendant did not rely solely upon § 1144 in its removal notice, but additionally alleged that plaintiff's wrongful termination claim is completely preempted by § 1132(a)(3) and § 1140 of subchapter I of ERISA. Under § 1132(a)(3), a participant, beneficiary, or fiduciary is empowered to bring a civil action to enjoin any act or practice that violates any provision of ERISA or an ERISA plan, or to obtain other equitable relief to redress ERISA violations or enforce any provisions of ERISA or an ERISA plan. Under § 1140, it is "unlawful for any person to discharge, fine, suspect, expel, discipline, or discriminate against a participant or beneficiary for exercising any right to which [s]he is entitled under the provisions of an employee benefit plan, [or] this subchapter...." Section 1140 is therefore a provision that a claimant could enforce via § 1132(a). Furthermore, in the complaint, plaintiff cites directly to § 1106, which prohibits a fiduciary of a plan from engaging in transactions that involve conflicts of interest.

Since this section also falls within subchapter I of ERISA, § 1106 thus is enforceable under § 1132(a) as well.

Here, plaintiff is eligible to bring a claim under § 1132(a). Plaintiff was Vice President of Hubbs Machine, and thereby had standing at least as a plan participant, if not beneficiary or fiduciary, to bring a civil action under § 1132(a) of ERISA. Benward was an officer of Hubbs Machine, as well as an employee at New York Life Securities, LLC ("NY Life"), acting as NY Life's third-party manager of employee and retirement benefits for the employee retirement plans of Hubbs Machine. Benward therefore, based on the complaint, was a fiduciary of the plan. Plaintiff voiced concerns to management concerning Benward's concurrent employment with NY Life, an alleged violation of § 1106. Plaintiff claims she was then retaliated against and wrongfully terminated for her actions in reporting Benward, a claim that could be brought under § 1140. Plaintiff's claim thus fall within the scope of multiple ERISA provisions she can enforce by § 1132(a).

Finally, resolution of plaintiff's claim requires interpretation of the ERISA plan. To succeed on a claim of wrongful termination under Missouri law, plaintiff would need to allege conduct she perceived to violate an ERISA plan. *See Fleshner v. Pepose Vision Inst., P.C.,* 304 S.W.3d 81, 92 (Mo.banc 2010) (stating that under Missouri common law, an "at-will employee may not be terminated (1) for refusing to violate the law or any well-established and clear mandate of public policy ... or (2) for reporting wrongdoing or violations of law to superiors or public authorities"). The existence and alleged violation of an ERISA plan is a substantive element of plaintiff's claim. Plaintiff therefore is seeking to enforce rights under ERISA that establish a federal cause of action.

Her claims are completely preempted by ERISA under § 1132(a)(3) and were properly removed to federal court.[2]

■ Because there is no manifest error of law or fact and no other exceptional circumstances warranting relief, the Court denies plaintiff's motion for reconsideration of the order denying remand.

### B. Motion for an Order Certifying the Case for Interlocutory Appeal

■ In the alternative, plaintiff requests an order certifying denial of plaintiff's motion for remand for interlocutory appeal on the issue of jurisdiction under ERISA preemption. Section 1292(b) of Title 28 of the United States Code provides a mechanism through which a party can pursue an interlocutory appeal. To satisfy § 1292(b) requirements, a case must involve an issue that concerns "(1) a controlling question of law as to which there is (2) a substantial ground for difference of opinion and upon which (3) a decision will materially advance the ultimate termination of the litigation." *Paschall v. Kansas City Star Co.*, 605 F.2d 403, 406 (8th Cir.1979).

■ It has "long been the policy of the courts to discourage piece-meal appeals." *White v. Nix*, 43 F.3d 374, 376 (8th Cir.1994) (internal quotations and citations omitted). Motions to certify issues for interlocutory appeal should be "granted sparingly and with discrimination." *Id.* Therefore, § 1292(b) should be used only in "exceptional cases where a decision on appeal may avoid protracted and expensive

litigation." *Id.* The movant bears the burden of demonstrating that the case is an exceptional one that justifies immediate appeal. *Id.* Plaintiff has failed to meet its burden in this case.

■ The first requirement of a controlling question of law is met. The issue of subject-matter jurisdiction under ERISA preemption raises the question of when removal to federal court is proper under ERISA—a question of law rather than fact. *See Emerson Elec. Co. v. Yeo*, No. 4:12–CV–1578 (JAR), 2013 WL 440578, *2 (E.D.Mo. Feb. 5, 2013) ("The question for appeal must be a question of law as opposed to a question of fact or matter for the court's discretion."). The question is furthermore "controlling," because "resolution of the issue on appeal could materially affect the outcome of the litigation in the district court." *Id.* (quoting *Newsome v. Young Supply Co.*, 873 F.Supp.2d 872, 876 (E.D.Mich.2012)). More specifically, reversal of the order would terminate the action and result in remand to state court. *See Yeo*, 2013 WL 440578 at *2 ("A question of law is controlling 'if reversal of the district court's order would terminate the action.'") (quoting *Klinghoffer v. S.N.C. Achille Lauro Ed Altri–Gestione Motonave Achille Lauro in Amministrazione Straordinaria*, 921 F.2d 21, 24 (2d Cir. 1990)).

■ The second and third requirements for interlocutory appeal, however, are not met. As to the second requirement, the issue is not one on which there is substantial ground for difference of opin-

---

2. A number of other courts have reached the same conclusion with similar facts or claims, some of which were previously noted in the Court's order denying remand. *See, e.g., Anderson v. Elec. Data Sys. Corp.*, 11 F.3d 1311 (5th Cir.1994); *Hashimoto v. Bank of Hawaii*, 999 F.2d 408 (9th Cir.1993); *Authier v. Ginsberg*, 757 F.2d 796 (6th Cir.1985); *De-*

*Felice v. Heritage Animal Hospital, Inc.*, No. 08–14734, 2010 WL 3906147 (E.D.Mich. Sept. 29, 2010); *McSharry v. Unumprovident Corp.*, 237 F.Supp.2d 875 (E.D.Tenn.2002); *Peterson v. Spaich Farms, Inc.*, No. CIV–S– 98–2274, 1999 WL 793942 (E.D.Cal. Sept. 29, 1999); *McLean v. Carlson Companies, Inc.*, 777 F.Supp. 1480 (D.Minn.1991).

ion. Substantial grounds exist when: "(1) the question is difficult, novel and either a question on which there is little precedent or one whose correct resolution is not substantially guided by previous decisions; (2) the question is one of first impression; (3) a difference of opinion exists within the controlling circuit; or (4) the circuits are split on the question." *Yeo*, 2013 WL 440578 at *2 (internal citations and quotations omitted). It is well settled, however, that "ERISA preemption, without more, does not convert a state claim into an action arising under federal law." *Metro. Life Ins. Co. v. Taylor*, 481 U.S. 58, 64, 107 S.Ct. 1542, 95 L.Ed.2d 55 (1987).

Plaintiff relies upon a 1999 case from the Western District of Missouri to note the "confused state of the law in [the Eighth Circuit] with respect to the jurisdictional consequences of ERISA preemption." *Tovey v. Prudential Ins. Co. of Am.*, 42 F.Supp.2d 919, 921–22 (W.D.Mo.1999). However, the Eighth Circuit has since plainly distinguished between the two types of preemption under ERISA and their jurisdictional consequences. *See, e.g., Prudential Ins. Co. of Am.*, 413 F.3d at 907 (explaining that a claim is removable on the basis of complete preemption under § 1132 while express preemption under § 1144, in contrast, provides an affirmative defense). Numerous decisions within this district have since followed the Eighth Circuit's lead. *See, e.g., Noel v. Laclede Gas Co.*, 612 F.Supp.2d 1051, 1058 (E.D.Mo.2009) ("Unlike claims subject to complete preemption, those subject to express preemption are not recharacterized as claims arising under federal law and, therefore, under the well-pleaded complaint rule, do not confer federal question jurisdiction."). The issue therefore is not novel, not one of first impression, nor is there a present difference of opinion within the Eighth Circuit. *See Yeo*, 2013 WL 440578 at *2 ("The difference of opinion

must arise out of genuine doubt as to the correct legal standard.").

Plaintiff relies upon a footnote from a 2003 Eleventh Circuit case to contend that the circuit courts are split on the issue. *See Ervast v. Flexible Prods. Co.*, 346 F.3d 1007, 1013 n. 7 (11th Cir.2003) ("Some circuits require defensive preemption as a prerequisite to complete preemption, thus applying a two-step analysis, while other circuits do not.") (citing *Tovey*, 42 F.Supp.2d at 923–24). However, the circuit courts cited by the *Tovey* court have since agreed with the Eighth Circuit and distinguished between the types of preemption under ERISA. *See Wurtz v. Rawlings Co., LLC*, 761 F.3d 232, 237–39 (2d Cir.2014) (finding that complete preemption under ERISA provides a basis for federal subject-matter jurisdiction, but express preemption does not); *Fossen v. Blue Cross & Blue Shield of Montana, Inc.*, 660 F.3d 1102, 1107 (9th Cir.2011) (distinguishing between the express preemption of § 1144(a) that "defeats state-law causes of action on the merits" and the conflict preemption in § 1132(a) that confers federal subject-matter jurisdiction); *Jones v. LMR Intern., Inc.*, 457 F.3d 1174, 1179 (11th Cir.2006) ("Unlike complete preemption [under 1132(a) ], which is jurisdictional, defensive preemption [under § 1144] is a substantive defense.") (citing *Ervast*, 346 F.3d at 1014); *Arana v. Ochsner Health Plan*, 338 F.3d 433, 440 (5th Cir.2003) (overruling precedent that applied a two-part test and holding that only complete preemption under § 1132(a) is required for removal jurisdiction; conflict preemption under § 1144 is not required). Plaintiff cited no further cases to support its contention that a circuit split presently exists on the issue. The second requirement for interlocutory appeal is thus not met.

Plaintiff also fails to meet her burden of establishing the third requirement for certification for interlocutory appeal. Even if courts in this circuit or other circuits were to disagree as to whether a two-step or one-step analysis is applicable for determining the propriety of removal under ERISA preemption, resolution of this issue will not "materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b). The courts that previously applied a two-step analysis required an ultimate finding of complete preemption under § 1132(a). *Tovey*, 42 F.Supp.2d at 923 (stating that the two-part test requires "first determining whether the state law claim is preempted by ERISA § [1144], and then considering whether the claim falls within the scope of ERISA § [1132]"); *see also Avenevoli v. Lockton Cos.*, No. 4:07–cv–1867 (HEA), 2008 WL 509545, *3 (E.D.Mo. Feb. 22, 2008) (concluding that a state law cause of action is removable only where both express preemption under § 1144 and complete preemption under § 1132(a) are implicated). Plaintiff does not point to any jurisdiction that permits removal solely based upon express preemption under § 1144. As set forth above, plaintiff's claims both "relate to" an ERISA plan under § 1144 and are completely preempted under § 1132(a). Removal is thus proper in this case under either a one- or two-step analysis. "When litigation will be conducted in substantially the same manner regardless of [the Eighth Circuit's] decision, the appeal cannot be said to materially advance the ultimate termination of the litigation." *White*, 43 F.3d at 378–79.

Because the second and third requirements under 28 U.S.C. § 1292 are not met, the Court denies plaintiff's motion to certify the order for interlocutory appeal to the Eighth Circuit.

Accordingly,

**IT IS HEREBY ORDERED** that defendant's motion for reconsideration, or in the alternative, certification for interlocutory appeal [Doc. # 29] is **denied.**