Opinion issued September 24, 2015



In The

# Court of Appeals

For The

# First District of Texas

————————————

## NO. 01-15-00473-CV

————————————

**MICHELLE HEINRICH, MANDY SO, AND NAIM EL-ASWAD, M.D., INDIVIDUALLY AND DERIVATIVELY AS MEMBERS OF VICTORY'S BIOETHICAL ANATOMICS, LLC AND VICTORY'S ADVANCED CENTERS FOR SURGICAL EDUCATION, LLC, Appellants**

**V.**

**STRASBURGER & PRICE, L.L.P., STUART FARRELL MILLER, AND JANA H. WOELFEL, Appellees**

---

**On Appeal from the 164th District Court
Harris County, Texas
Trial Court Case No. 2013-74218**

---

## MEMORANDUM OPINION

The trial court dismissed the plaintiffs' underlying claims against some, but not all, of the named defendants. That order is an interlocutory order that is not

immediately appealable. *Cf.* TEX. CIV. PRAC. & REM. CODE ANN. § 51.014 (West 2015). The plaintiffs sought the trial court's permission to seek a permissive appeal with this Court. *See* TEX. R. CIV. P. 168; TEX. R. APP. P. 28.3. The dismissed defendants responded by arguing that this Court lacks jurisdiction to grant the petition. Because the trial court's order granting permission to seek a permissive appeal does not meet all necessary requirements to confer jurisdiction on this Court, we dismiss the petition for want of jurisdiction.

Texas Rule of Civil Procedure 168 sets forth the process for initiating a permissive appeal. It provides that the trial court "may permit an appeal from an interlocutory order that is not otherwise appealable," but it also specifies that "[p]ermission *must* be stated in the order to be appealed." TEX. R. CIV. P. 168 (emphasis added). The comment to the rule states that "the trial court's permission to appeal should be included *in the order to be appealed rather than in a separate order*." *Id.*, cmt. (emphasis added).

Recognizing that an interlocutory order may issue without the necessary permission having been included, the rule further provides that "[a]n order previously issued may be amended to include such permission." TEX. R. CIV. P. 168. Texas Rule of Appellate Procedure 28.3(c) provides that, if an interlocutory order is amended to include the requisite permission, "the time to petition the court of appeals runs from the date the amended order is signed." TEX. R. APP. P.

28.3(c); *see Colvin v. B. Spencer & Assocs., P.C.*, No. 01-15-00247-CV, 2015 WL 2228728, at *2 (Tex. App.—Houston [1st Dist.] May 12, 2015, no pet.) (mem. op.) (per curiam).

Here, the orders issued by the trial court fail to comply with Rule 168. By order dated April 17, the defendants were dismissed. In a separate order dated May 5, the plaintiffs were granted permission to seek a permissive appeal. These are two distinct orders; the second does not incorporate the first. Thus, they violate Rule 168's mandate that permission to seek a permissive appeal "must be stated in the order to be appealed," not in a separate order. TEX. R. CIV. P. 168.

Plaintiffs rely on a number of federal cases holding that the federal statute for permissive appeals, 28 U.S.C.A. § 1292 (West 2003), is satisfied when the trial court signs a separate order for certification for immediate appeal. *See, e.g.*, *Matter of Hamilton*, 122 F.3d 13, 14 (7th Cir. 1997). They argue that Texas courts also should permit this practice. But we must strictly construe language authorizing interlocutory appeals because they are a narrow exception to the general rule that interlocutory orders are not immediately appealable. *See City of Houston v. Estate of Jones*, 388 S.W.3d 663, 666 (Tex. 2012) (per curiam); *CMH Homes v. Perez*, 340 S.W.3d 444, 447 (Tex. 2011); *Great Am. E&S Ins. Co. v. Lapolla Indus., Inc.*, No. 01-14-00372-CV, 2014 WL 2895770, at *1 (Tex. App.—Houston [1st Dist.] June 24, 2014, no pet.) (mem. op.); *King-A Corp. v. Wehling*, No. 13-13-00100-

3

CV, 2013 WL 1092209, at \*2 (Tex. App.—Corpus Christi Mar. 14, 2013, no pet.) (mem. op.). The authorizing language explicitly requires that both the substantive ruling and the permission to appeal be in the same order, and we are bound by those requirements; therefore, we lack jurisdiction to receive this appeal, in which the two matters have been divided into two separate orders. *See Great Am. E&S Ins. Co.*, 2014 WL 2895770, at \*2 n.1.

Because the trial court did not sign an order that both granted the plea to the jurisdiction and granted permission to appeal, this Court has no jurisdiction over this appeal. We therefore dismiss the petition for want of jurisdiction. *See* TEX. R. APP. P. 42.3(a), 43.2(f); *see also Great Am. E&S Ins. Co.*, 2014 WL 2895770, at \*3 (dismissing for want of jurisdiction).

**PER CURIAM**

Panel consists of Justices Jennings, Higley, and Brown.